ROSENBAUM *et al.* *v.* COUNCIL BLUFFS INS. CO.

*(Circuit Court, N. D. Iowa, E. D.* March 18, 1889.)

1. COURTS—FEDERAL JURISDICTION—SUITS BY ASSIGNEES—AUXILIARY PROCEEDINGS.

Though an assignee cannot institute an action in the federal courts because of diverse citizenship, under the act of 1875, unless his assignor could have done so, yet, the action having been brought in the state court, and the assignee and the defendant being citizens of different states, the cause is removable, and, having been removed, and having afterwards been continued for the purpose of enabling plaintiff to file a bill for a reformation, which it was held was necessary before he could maintain such action, such bill is auxiliary to the first action, and is properly brought in the federal court.

2. INSURANCE—ACTION ON POLICY—LIMITATION.

Where an action on an insurance policy has been brought within the time limited by the policy, a bill for reformation of the policy, in aid thereof, is not barred though brought after such time. Such bill is not a suit on the policy within the meaning of the limitation.

In Equity. On demurrer to bill.

Bill by Rosenbaum Bros. against the Council Bluffs Insurance Company. For opinion on motion to set aside the order granting leave to file the bill, see *ante,* 7.

*Charles A. Clark* and *F. A. Hormel,* for complainants.

*Sapp & Pusey* and *Henderson, Hurd, Daniels & Kiesel,* for defendant.

SHIRAS, J. The bill in this cause was filed by complainants for the purpose of reforming a policy of insurance, issued by the defendant company in the name of H. Eyler, upon an elevator building and other property situated in Benton county, Iowa; the property having been destroyed by fire. G. G. Abraham, who is named in the policy as a mortgagee, assigned the policy and his interest in the contract of insurance to complainants, who brought an action at law against the company, averring therein that the interest contracted to be covered by the insurance was

that of Abraham, who was the real owner of the property, and that the company knew such fact, and issued the policy to cover such interest. On demurrer it was held that to sustain the action at law it was necessary to procure a reformation of the contract, and that action was continued for the purpose of enabling complainants to file a bill in equity for that purpose. The proceeding now before the court is instituted for that purpose, and to the bill as filed defendant demurs on several grounds, the first of which is that it appears from the bill that the complainants, who are citizens of Illinois, are suing as the assignees of Abraham, who is a citizen of Iowa, under the laws of which state the defendant company was incorporated; and that, as Abraham could not bring this suit in the federal court, being a citizen of the same state as defendant, neither can complainants, as transferees of the policy. If this proceeding was an independent suit, having no relation to the action at law, the point made would have merit. The proceeding, however, is a dependency of the law action, as is held in *Abraham* v. *Insurance Co.*, *post*, 731, and, being auxiliary thereto, the jurisdiction is sustainable if the court has jurisdiction of the law action. *Krippendorf* v. *Hyde*, 110 U. S. 276, 4 Sup. Ct. Rep. 27. The law action was brought in the state court, in 1884, and was removed by the defendant under the local prejudice clause of the statute. While it is true that under the provisions of the act of 1875 the action could not have been originally brought in the federal court, yet it is no less true that, when brought in a state court, it was removable into the United States court, for the reason that the restriction applicable to original suits by indorsees or assignees is not applicable in cases brought originally in state courts, and removed thence to a federal court. *Claflin* v. *Ins. Co.*, 110 U. S. 81, 3 Sup. Ct. Rep. 507. Jurisdiction, therefore, existing of the action at law, all auxiliary or dependent proceedings necessary to the full and final hearing and disposition of that action are sustainable in the federal court, without regard to the citizenship of the parties.

The second ground of demurrer is that by the provisions of the policy no suit or action thereon can be maintained unless brought within six months from the happening of the loss, and that the lapse of time is therefore a bar to the proceeding. The action at law was brought within the time limited, and this provision is not a bar to that action. The present proceeding is in aid thereof, in the same sense that invoking the action of the court in granting commissions for taking testimony is merely a proceeding in aid of the law action. The filing of the bill for the purpose of perfecting the evidence to be used on the trial of the law action is not the bringing of a suit upon the policy, within the true meaning and intent of the clause in question. The lapse of time can no more be relied on to bar this proceeding than it could be relied on to prevent taking testimony by commission in aid of the law action. The demurrer is therefore overruled, and leave granted to defendant to answer the bill by the April rule-day.