## BRADSHAW et al. v. MINERS' BANK OF JOPLIN et al.

### (Circuit Court of Appeals, Seventh Circuit. July 17, 1897.)

### No. 390.

**1. INJUNCTION—JUDGMENT AGAINST GUARANTOR—INDEMNITY.**
The payors of a note, who have a legal defense to an action thereon, may enjoin the enforcement of a judgment rendered without their fault or laches against a guarantor of such note who holds valuable stock belonging to them as collateral security to indemnify him against the payment of the note.

**2. NOTE—CONSIDERATION—DEFENSE.**
A note given for the purchase price of property, and made payable to a bank at the request and for the benefit of the seller, is subject, in the hands of the bank, to all infirmities in the original consideration between the payors and such seller, in the absence of circumstances creating an estoppel in equity.

**3. APPEAL—PARTY NOT SERVED.**
The right of appeal is not affected by the fact that there is no decree against one of the respondents, who was not served with process, and who, though a proper, is not a necessary, party to the suit.

**4. FEDERAL COURTS—JURISDICTION—ANCILLARY PROCEEDINGS.**
A bill to enjoin the prosecution of a creditors' suit pending in the same court is ancillary to such suit, and jurisdiction does not depend on the diverse citizenship of the parties.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was a suit in equity to enjoin the prosecution of a creditors' bill filed by the Miners' Bank of Joplin to enforce collection of a judgment against the respondent Corwin C. Thompson. Demurrers were sustained to the original and amended and supplemental bills, and decree entered dismissing the suit as against the bank for want of equity. Complainants appeal.

In this case, now here the second time, the suit was brought by the appellants, Frank M. Bradshaw and George W. Henry, citizens of Illinois, against the Miners' Bank, a corporation of Missouri, the Illinois & Missouri Lead & Zinc Company, a corporation of Illinois, and Corwin C. Thompson, a citizen of Illinois. On the first appeal, which was from an order dissolving a temporary injunction, it was held that upon the facts stated in the bill the appellants were not entitled to relief. Bradshaw v. Bank, 46 U. S. App. 663, 23 C. C. A. 578, and 77 Fed. 932. The substance of the original bill was that the appellants purchased certain property of the Illinois & Missouri Lead & Zinc Company, for which they executed their promissory notes in the aggregate amount of $4,050 to the Miners' Bank, which, it was averred, had no interest of its own in the notes, but was made payee at the request and solely for the benefit of the Illinois & Missouri Lead & Zinc Company; that at the same time Thompson executed to the Miners' Bank a separate writing, whereby he guarantied the payment of the notes; that on that guaranty the Miners' Bank had recovered judgment in the court below against Thompson for the full amount of the notes, and upon a creditors' bill in the same court showing execution upon the judgment returned nulla bona had procured the appointment of a receiver of Thompson's property; that by reason of false representations of the character and condition of the property for which the notes were given

the appellants had a legal defense to any action thereon; that, pending the suit on the guaranty, and after plea of the general issue to the declaration, they informed Thompson and his attorney of the facts constituting their defense, and of the evidence obtainable to establish it, and offered to employ an attorney to represent their interest in the suit and to assist in making the defense; that the offer was declined, and that Thompson's attorney neglected to set up the defense by a special plea, and that when the cause was reached for trial neither Thompson nor his attorney appeared in court, and a verdict was taken, and the judgment rendered upon which the subsequent proceedings mentioned were had. The concluding averment was that, notwithstanding the negligence of Thompson, through his attorney, in failing to prepare to make a proper defense, the complainants felt in equity bound to protect Thompson from any loss or damage by reason of having executed the guaranty in their behalf, and that they were ready and willing to pay to the Illinois & Missouri Lead & Zinc Company, or to the Miners' Bank, as agent of said company, any amount which the court upon the hearing should find to be equitably due. After the cause had been remanded, the appellants filed an amended and supplemental bill, whereby, after reiterating the averments of the original bill, they alleged, among other things, that the Illinois & Missouri Lead & Zinc Company owned no property except the notes in controversy, had ceased to do business in Illinois, and had not been served with process, and that Thompson, against whom the judgment had been rendered, held as collateral security for its payment stock belonging to them of the value of $5,000, which, after the filing of the original bill in this cause, was by agreement of parties placed in the hands of the American Surety Company to indemnify it as surety on the injunction bond, and also as a security for the payment of the judgment against Thompson, and for his protection from liability thereon in case he should not be relieved by the proceedings in this suit, and that Thompson was insolvent. Thereupon the Miners' Bank was permitted to withdraw its answer to the original bill, and to interpose a demurrer to the original and the amended and supplemental bills, which demurrer the court sustained, and, the complainants having elected to abide by the ruling, a final decree was entered dismissing the suit as against the Miners' Bank for want of equity. On the original bill and amendments a judgment pro confesso was taken against Thompson, but the court denied the motion of the complainants for a preliminary injunction against him according to the prayer of the bill.

Frank A. Johnson, for appellants.
E. A. Otis and D. W. Graves, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

We are of the opinion that upon the amended bill the appellants are entitled to relief. To the extent of the value of the stock pledged to indemnify Thompson against loss by reason of his contract of guaranty, the appellants have a real and substantial interest that the judgment in favor of the Miners' Bank against Thompson shall not be enforced. It is urged, and the authorities cited to the point are perhaps conclusive, that Thompson is not in a position to ask equitable relief against the judgment, but it is on that account only the more important that relief should not be denied to the appellants, who were not parties to the action at law, and were not permitted to present in that action, or to assist Thompson in presenting, the defense which, as they duly advised him and his attorney, they were able to make. They would not be in a worse plight, nor with less fault on their own part, if Thompson had been in a conspiracy to enable the bank to obtain a judgment for which there

was no just foundation, and against which, unless in the way proposed, there can be no effective remedy.

It is urged on the authority of Railroad Co. v. N̄ational Bank, 102 U. S. 14, and other cases which follow Swift v. ᴛyson, 16 Pet. 1, that the Miners' Bank, on the facts alleged, became an innocent holder for value of the notes of the appellants, and that its right to enforce the guaranty cannot be affected by an inquiry into the consideration of the notes. The doctrine of Swift v. Tyson, so far as we know, has never been applied in the manner proposed. It is averred in the bill that the notes were made payable to the Miners' Bank as agent or trustee for the Illinois & Missouri Lead & Zinc Company, but, if that were not so, and the beneficial interest in the notes were in the bank, yet the title, having come to it as the original payee of the notes, and not as transferee, would be subject, we suppose, to all infirmities in the original consideration between appellants and the Illinois & Missouri Lead & Zinc Company, unless in the circumstances and conditions of the transaction there was in favor of the bank an estoppel in equity. There is none in the law merchant.

The right of appeal from the decree in favor of the Miners' Bank is not affected by the fact that there has been no decree against the Illinois & Missouri Lead & Zinc Company. That company, though named in the bill as a respondent, was not served with process, and therefore is not a party to the record, and its presence, though proper, is not necessary to a complete adjudication of the controversy between the appellants and the Miners' Bank and Thompson.

The suit is to be regarded as ancillary to the proceedings on the creditors' bill of the Miners' Bank against Thompson in the same court, and the jurisdiction, therefore, in no manner depends on the diverse citizenship of the parties. Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27. The decree of the circuit court is reversed, and the cause remanded, with directions to overrule the demurrer of the Miners' Bank to the bill, and to proceed in accordance with this opinion.