LEIGH v. KEWANEE MFG. CO. et al.

(Circuit Court, N. D. Illinois, N. D.)

No. 26,882.

1. EQUITY—SUITS AT LAW—INJUNCTION—BILL—DEMURRER.

A bill to enjoin a suit at law alleged that defendant L. was president of defendant corporation, and either owned or controlled all of its stock; that the corporation served no other purpose than to be used by L. to conduct his private business, and that he deposited his individual moneys to the corporation's bank account, and paid his private debts with checks of the corporation, with the consent of all its stockholders and officers; that L. gave complainant the check sued on by the corporation in the suit at law with the request that complainant deliver the proceeds to L.'s creditor, which he did; that the corporation sustained no loss by the payment of the check, as it was paid by L.'s money, and that L. caused the action against complainant to be brought without action of the corporation's board of directors, and was using the corporation to prosecute a number of suits at law against complainant for the sole purpose of preventing him from setting up such facts in defense; that L. was indebted to complainant for more than $10,000, and that complainant had not been permitted to set up such matters in the suit at law. *Held*, that the bill was not demurrable.

2. SAME—FEDERAL COURTS—ANCILLARY JURISDICTION—CITIZENSHIP.

Where an action at law was pending in the Federal Circuit Court, such court had ancillary jurisdiction before judgment to entertain a bill to restrain the further prosecution of such action on equitable grounds not available as a defense to the action at law, without regard to the citizenship of the parties.

John P. Ahrens, David S. Geer, and Pence & Carpenter, for complainant.

Defrees, Brace & Ritter, for defendants.

KOHLSAAT, District Judge. Heretofore the defendant the Kewanee Manufacturing Company recovered a verdict against the complainant on the law side of this court (case No. 26,323) for the sum of $7,000. The bill herein is filed by complainant to restrain the further prosecution of said suit, and for general relief. It sets out that Laughlin was president, general manager, and chief officer in control of the Kewanee Manufacturing Company; that the checks given by the company to Leigh, and on which the said verdict was recovered, were signed by Laughlin and another officer of the company; that Laughlin owned $12/17$ of the stock of the company; that from its books it appears that $7/17$ of the stock other than what Laughlin held was marked "surrendered," and that the rest of the stock was issued to employés, who were confederates of Laughlin, who hold their stock for his sole use and benefit, and that in equity Laughlin is sole owner of said corporation, and that no one else has equitable rights in the assets of said corporation; that Laughlin gave Leigh a check for $7,000 (the one sued on as aforesaid), signed in the name of the company by Laughlin, president, and another, with the request that Leigh deliver the proceeds to Atkins & Milligan, to whom

¶ 2. See Courts, vol. 13, Cent. Dig. § 801.

Laughlin was indebted, which he did; that since June, 1899, the company served no other purpose than to be used by Laughlin in the conduct of his private business; that he deposited his undivided moneys in the company's bank account, and paid his private debts with moneys and checks of the company, with full knowledge, acquiescence, and consent of all the stockholders, officers, and directors of the company, who were confederates and covers for him as aforesaid; that the company sustained no loss by the payment of said check, as it was in equity Laughlin's own money; that Laughlin caused the said suit at law to be brought without action of the board of directors of the Kewanee Company; that on November 1, 1898, and from thence hitherto, said company has been indebted to Laughlin in a sum exceeding $15,000; that Laughlin is using said company in order to prosecute a number of suits at law against complainant for the sole purpose of preventing him from setting up the above facts by way of defense; that Laughlin is indebted to Leigh in the sum of more than $10,000; that complainant was not permitted to set up these matters on the trial of said law case. The cause comes up at this time on general and special demurrer to the bill. The special grounds set out are: (1) Want of jurisdiction, because Leigh and Laughlin are citizens and residents of Illinois. (2) There is no allegation that Laughlin is insolvent. (3) Complainant has a full, adequate, and complete remedy at law. (4) The bill is multifarious.

The allegations of the bill, so far as well pleaded, are admitted by the demurrer. From these it is apparent that Laughlin and the Kewanee Company are, in equity, one, and, aside from question of jurisdiction, said proceeding constitutes a case cognizable in equity. Laughlin cannot hide behind the formal screen of a corporation of which he is the actual owner, and escape responsibility for his individual acts. A court of equity will, when necessary for the protection of equities, remove a mask or look behind it for the real parties in interest. Leigh v. Am. Brake Beam Co., 205 Ill. 154, 68 N. E. 713; Anthony v. Am. Glucose Co., 146 N. Y. 407, 41 N. E. 23; Lemars Shoe Co. v. Lemars Shoe Mfg. Co., 89 Ill. App. 253. The bill charges that Leigh is a citizen of Illinois, residing at Chicago, and that Laughlin sometimes claims to reside in Missouri and sometimes in Illinois, and that the Kewanee Company is a New Jersey corporation. Evidently the court could not, upon the above allegations, take original jurisdiction of the case. Unless it can take ancillary jurisdiction by reason of the pendency of the said common-law suit, it has no jurisdiction. The prayer of the bill is somewhat indefinite, in that it prays only for an injunction restraining further proceedings in that case. To be sure, there is a prayer for general relief; but whether complainant desires to take the whole case out of the law side of the court, or whether he simply wants all proceedings permanently enjoined, or desires an accounting, and a decree for any balance due him, is not apparent. He does not offer to do equity. In these respects, however, the bill might be amended, if necessary. The real difficulty in the case, to my mind, grows out of the fact that no judgment has been entered in the law case. Had there been, the present case would present little difficulty. Whether or not the mere pend-

ency of the law case in the federal court draws to that court jurisdiction over a bill filed for the purpose of interposing an equitable defense is not clear. In Pomeroy's Equity Jurisdiction (section 1362) it is stated: "When the cause contains both legal and equitable questions which are distinct, the court of equity, while taking jurisdiction, may not restrain the proceedings at law prior to the obtaining of judgment;" citing authorities. The procurement of judgment in such case is held to be the better practice in Widaman v. Hubbard et al. (C. C.) 88 Fed. 806. The case of Cortes Co. v. Thannhauser et al. (C. C.) 9 Fed. 226, seems to hold that ancillary jurisdiction attaches in such a case, independent of any diversity of citizenship. This decision is based upon Logan v. Patrick, 5 Cranch, 288, 3 L. Ed. 103, in which case a bill in equity was filed to be relieved against a judgment in ejectment and to compel a conveyance of land; Dunn v. Clarke, 8 Pet. 1, 8 L. Ed. 845, in which a bill was filed to enjoin a judgment in ejectment and for a conveyance of certain premises; Clarke v. Mathewson, 12 Pet. 164, 9 L. Ed. 1041, in which case it is held that a bill of revivor is not the commencement of a new suit, and will not be affected as to jurisdiction by the want of diversity of citizenship at the time of the revival if jurisdiction attached before the death of the complainant; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749, in which the state court sought to take property from the United States marshal under a writ of replevin. The marshal held by virtue of an attachment writ. The case of Rosenbaum v. Council Bluffs Ins. Co. (C. C.) 37 Fed. 724, holds that a bill filed to reform a policy of insurance, upon which a suit at law was pending in the federal court, was properly entertained by the court as an auxiliary proceeding, without regard to the question of citizenship; citing Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145, in which case a bill was filed to reach moneys in the hands of the marshal held by him under proceedings in the federal court. The Supreme Court thereupon proceeded to confirm and approve the doctrine laid down in Freeman v. Howe, above quoted, and cite in further support thereof the case of Pennock v. Coe, 23 How. 117, 16 L. Ed. 436, in which a bill was filed by certain mortgage bondholders to enjoin the execution of a judgment recovered by certain of the bondholders at law, ignoring the mortgage, and Gue v. Tide Water Canal Co., 24 How. 257, 16 L. Ed. 635, in which the court entertained a bill to enjoin the sale of property held by the marshal under fi. fa. issued in a suit at law. In the case of Widaman v. Hubbard et al., 88 Fed. 806, the court held that a bill filed in a federal court to enjoin the further prosecution of an action at law pending therein was ancillary, and proceeded to take jurisdiction without regard to citizenship. The suit at law was brought to recover life insurance. The company admitted its liability, but set up that various other parties claimed an interest in the fund, and asked that it be permitted to pay the $15,000 into court, and that the claimants be substituted as defendants in its stead, which was granted. One of the defendants then filed a bill to enjoin the original suit and determine the rights of the several claimants. In the case of Bradshaw et al. v. Miners' Bank of Joplin et al., 81 Fed. 902, 26 C. C. A. 673, Bradshaw and Henry purchased certain property for

which they gave their notes. One Thompson, by a separate instrument, guarantied the payment of the notes. To secure himself from loss, Thompson held certain securities belonging to the makers of the notes. Thompson was sued on his guaranty, and judgment thereon was rendered against him. He failed to defend or permit the makers to defend. The judgment creditor then filed a creditors' bill to enforce collection of its judgment against Thompson. Thereupon the makers of the notes filed their bill to enjoin the prosecution of the creditors' bill, and from taking further proceedings in said action at law, and from enforcing said judgment, claiming to have a good defense to said notes, asking that they be permitted to assert it, and offering to pay whatever should be found to be due. These collaterals were so disposed of as to be subjected to the rights of the surety on the injunction bond, and also to the protection of Thompson on the judgment. Under this state of facts the court held that Bradshaw and Henry had such an interest in the matter as to entitle them to maintain their said bill in the nature of an ancillary proceeding without regard to citizenship.

It will thus be seen that, with the exception of the ruling in Cortes Co. v. Thannhauser, above cited, none of the foregoing cases involved the question now presented. In each case the court had either entered judgment or had possession or jurisdiction over the res in dispute. Here there is nothing to draw jurisdiction to the federal court except the pendency of the suit at law. The courts do, however, in the cases above cited, use language which, in the absence of the particular facts of the case before them, respectively seems to justify the court in sustaining its jurisdiction in the case at bar, in view of which, and the merits of the proceeding, the court will take jurisdiction.

The other grounds of demurrer numbered 2, 3, and 4 are not well taken.

The demurrer is overruled.