*H. E. Highton* and *C. W. Ashford* for plaintiffs.
*Kinney, McClanahan & Cooper* for defendants.

---

## MOSE MEHEULA *v.* PIONEER MILL COMPANY, LIMITED.

### EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED OCTOBER 3, 1905.     DECIDED OCTOBER 18, 1905.

HARTWELL AND WILDER, JJ., AND CIRCUIT JUDGE DE BOLT IN PLACE OF FREAR, C.J.

DEED—*description of property.*

A deed granting "the whole of that piece of land mauka Uhao by name and a part of the piece makai here being the portion of

the land remaining out of my sale to Samuela o Bartow" is sufficient under the circumstances of this case to convey the property in dispute.        . .

ID.—*acknowledgment.*

>    As between the parties acknowledgment of a deed is not necessary.

NEW TRIAL.

>    Rulings on questions during cross-examination of witnesses, on the allowance of amendments to pleadings and on the offering of evidence by the plaintiff after the defendant has rested, are largely in the discretion of the trial court and do not warrant a new trial unless such discretion is abused.

OPINION OF THE COURT BY WILDER, J.

This is an action of ejectment for a piece of land at Uhao, Lahaina, Maui, being Apana 2 of royal patent 1678 land commission award 3422 B to Kekahuna. Defendant pleaded the general issue. The case was tried by the circuit court, jury waived, judgment being rendered in favor of plaintiff, and comes here on defendant's exceptions.

The first exception is to the admission of a copy of a deed from Hoone to Halulukahi, dated August 18, 1862, and recorded in Liber 15, page 376, this deed being in plaintiff's chain of title. The objections to the deed were: (1), that there was nothing in the deed to show that it had any reference to the property in dispute; (2), that the certificate of proof fails to show that the maker of the deed, Hoone, was dead at the time the alleged proof was made, or that she was not in the country, or that she refused to acknowledge; (3), that the certificate of proof fails to show that Kenui, the witness, was sworn by the officer before whom the proof was made; (4), that the certificate of proof fails to show that the witness, Kenui, was acquainted with Hoone; and (5), that the deed offered was not a certified copy or a true copy. The first objection is overruled. The deed purports to convey "the whole of that piece of land mauka Uhao by name and a part of the piece makai here being the portion of the land remaining out of my sale to Samuela o Bar-

tow." It also appeared that the grantor acquired this land under the will of her husband, the original awardee, the award and patent having previously been introduced. There was sufficient to show that it purported to convey the property in dispute. The second, third and fourth objections relate to the certificate of proof on the deed intended to take the place of the acknowledgment. Defendant claims that the deed is void because the certificate of proof did not conform to the statute as provided in Sec. 2361 of the Rev. Laws. These objections are without merit for the reason that they do not affect the validity of the deed. Even if the deed had no acknowledgment, or its equivalent, at all, it would still be good between the parties. As between the parties acknowledgment of a deed is not necessary. *Laanui v. Puohu,* 2 Hawn. 161. The fifth objection is not urged in the brief, and must be regarded as abandoned. Exception 1 is overruled.

The second, third and fourth exceptions relate to the following questions put to plaintiff on his cross-examination:

"I now ask the witness to explain to us what land was referred to in this lease, wherein he says, 'that portion of land in Uhao, which was sold by Kekahuna to S. Kamoahakau are (is) not included in this lease.' "

"Do you remember of making this exception in the lease, to-wit: 'That portion of land in Uhao which was sold by Kekahuna to S. Kamoahakau are (is) not included in this lease?"

"Is it not a fact that after this lease was written, all except the last five lines preceding your signature the lessee disputed your right to lease the land for which you are now suing and thought that the third piece of land mentioned in the lease might be construed to be the land in question, and instead of drawing a new lease this exception clause was inserted with the understanding on your part and the lessee's that it did except the land in question?"

An objection by plaintiff's counsel to each one of these questions was sustained. The lease referred to was from the plaintiff to defendant's predecessors, dated January 10, 1890, demising "that certain piece or parcel of land in Uhao, Lahaina, Island of Maui, through which the railroad track runs, and

containing an area of 1 07-100 acres." In this lease just before
the signature were these words: "That portion of land in Uhao
which was sold by Kekahuna to S. Kamoahakau are (is) not
included in this lease." Defendant claims that it should have
been allowed to ask these questions because afterwards plaintiff
disclaimed as to the piece mentioned at the end of the lease, and
these questions related to the extent of the disclaimer. The
right to ask the questions, if it existed at all, existed at the time
the questions were asked and not by reason of anything arising
afterwards. In any event, we cannot say that the lower court
erred in refusing to allow these questions. In the cross-examina-
tion of witnesses considerable discretion must be left to the trial
court. *Merricourt v. Insurance Co.,* 13 Haw. 218. Excep-
tions 2, 3 and 4 are overruled.

Exceptions 5 and 6 relate to the disallowance of two ques-
tions asked plaintiff on cross-examination, which questions were
as follows: "How large a piece of land is Uhao?" "Is this
land for which you bring suit all of the land of Uhao?" These
exceptions are overruled. It was discretionary with the trial
court to disallow them, and it does not appear that any harm
resulted to the defendant by reason of the ruling.

The seventh exception is to the overruling of defendant's
motion for a non-suit on the ground that plaintiff had not shown
title in himself for that the deed from Hoone to Halulukahi
(referred to in exception 1) did not convey or purport to con-
vey the land in dispute, and because the description in said deed
was uncertain, indefinite and ambiguous. This exception is cov-
ered by the ruling on exception 1.

The eighth exception relates to the offering of evidence by
plaintiff after the defendant had rested and plaintiff had been
allowed by the court to amend his declaration so as to claim less
land. It was within the discretion of the trial court to allow
the amendment. See Sec. 1738 of the Rev. Laws and note.
The evidence offered was for the purpose of identifying the
portion of land not claimed under the amendment. The objec-
tion was on the ground that defendant had rested its case, had

sent its witnesses home, and was not then in a position to renew the contest on issues as they would be framed under the amended declaration. By the amendment no new issues were framed. Plaintiff simply relinquished his claim to a part of the land sued for. Defendant did not move for a continuance in order to get its witnesses back. However, this was a matter in the discretion of the trial court, and, it not appearing that such discretion was abused, this exception must be overruled.

The ninth exception is to the allowance of evidence for plaintiff in rebuttal, the objection being that it contradicted his evidence in chief. The evidence was for the purpose of making certain that which was not claimed against the defendant. We cannot see how the defendant was prejudiced by the court's allowing plaintiff to show that he claimed less than he did originally. This exception is overruled.

The tenth exception, which was to the refusal of the court on defendant's motion to strike plaintiff's amended declaration from the files, is covered by the ruling on exception 9, and should be overruled.

The last exception is that the decision was contrary to the law and the evidence and the weight of evidence. Defendant claims that a certain partition deed in plaintiff's chain of title was not admitted in evidence and in consequence his title was not proved. At it appears from the findings of fact by the trial court that this deed was duly proved, and as the deed itself purports by endorsement of the clerk to have been received in evidence, this exception is overruled.

The exceptions are overruled.

*C. W. Ashford* and *James L. Coke* for plaintiff.

*D. H. Case* for defendant.