ELISHA S. MARTIN, et al.

*vs.*

BENJAMIN L. SMITH AND ABBIE R. SMITH.

Washington.    Opinion September 25, 1906.

*Deeds.   Prior and subsequent mortgages.   Exception in covenant of freedom from*
*incumbrances.   Prior unconditional grant not limited thereby.   Reformation*
*of written instruments in action at law not authorized by R. S., chapter*
*84, sections 17 et seq.   Action at law may be stayed.   Equitable*
*defenses.   R. S., chapter 84, sections 16, 17.*

1.   In a deed of conveyance of land an exception in the covenant of free-
dom from incumbrances does not limit the extent or effect of the prior
unconditional grant.

2.   The statute R. S., ch. 84, sec. 17 et seq. does not authorize the court in
an action at law to reform a written instrument to correct mistakes of the
scrivener, and such mistakes cannot under that statute be held a legal or
equitable defense to the action.

3.   The court, however, may stay an action at law for a reasonable time to
enable a party to procure a reformation of the instrument by appropriate
decrees in equity.

On report.    Report discharged and action remitted to nisi prius.

Real action to recover possession of certain real estate in the town
of Marion, Washington County.

Tried at the January term, 1906, of the Supreme Judicial Court,
Washington County.    The plaintiffs introduced in evidence a mort-
gage of the demanded premises, given by the defendants to the plain-
tiffs dated December 11, 1902, of the following tenor, to wit:

"Know all men by these presents, That we, Benj. L. Smith and
Abbie R. Smith, both of Marion in said County and State, in con-
sideration of four hundred twenty-five dollars paid by E. S. Martin
& Son of Eastport in said County and State, the receipt whereof we do
hereby acknowledge, do hereby give, grant, bargain, sell and convey,
unto the said E. S. Martin & Son, their heirs and assigns forever, a
certain lot of land situated in said Marion, containing about seventy

acres with the building and improvements thereon, described and bounded as follows:

(Description of premises here follows.)

"To have and to hold the aforegranted and bargained premises with all the privileges and appurtenances thereof to the said E. S. Martin & Son, heirs and assigns to their use and behoof forever.

"And we do covenant with the said grantee, their heirs and assigns, that we are lawfully seized in fee of the premises; that they are free of all incumbrances; except a mortgage to the said Abbie R. Smith that we have a good right to sell and convey the same to the said grantee to hold as aforesaid; and that we and our heirs shall and will warrant and defend the same to the said grantees, their heirs and assigns forever, against the lawful claims and demands of all persons.

"Provided nevertheless, that if the said Benj. L. Smith and Abbie R. Smith, heirs, executors, or administrators pay to the said E. S. Martin & Son, their heirs, executors, administrators or assigns, the sum of four hundred and twenty-five dollars in three years from this date, viz. $150.00, Dec. 11th, 1903, $150.00, Dec. 11th, 1904, $125.00, Dec. 11th, 1905 in settlement of the notes of B. L. Smith, from the day of the date hereof, with interest on said sum at the rate of five per centum per annum, payable annually, then this deed shall be void, otherwise to remain in full force.

"In witness whereof, we the said Benj. L. Smith and Abbie R. Smith, have hereunto set our hands and seals this eleventh day of December in the year of our Lord one thousand nine hundred and two."

This mortgage was duly executed, delivered and recorded, and was duly foreclosed for nonpayment as shown by the record.

The defendants also introduced in evidence a mortgage of the demanded premises given by the defendant, Benjamin L. Smith, to Thomas W. Wood, dated January 1, 1900, of the following tenor, to wit:

"Know all men by these presents, that I, Benj. L. Smith of Marion, in the county of Washington and State of Maine, in consid-

eration of the sum of one thousand dollars paid by Thomas W. Wood of City of Boston and State of Massachusetts, the receipt whereof I do hereby acknowledge, do hereby give, grant, bargain, sell and convey, unto the said Thomas W. Wood, his heirs and assigns forever, a certain lot of land situated in said Marion, containing about seventy acres with the buildings and improvements thereon, described and bounded as follows, viz:

(Description of premises here follows.)

" To Have and to Hold the aforegranted and bargained premises with all the privileges and appurtenances thereof to the said Thomas W. Wood, his heirs and assigns, to his use and behoof forever ;

" And I do covenant with the said Wood, his heirs, and assigns, that I am lawfully seized in fee of the premises ; that they are free of all incumbrances ; except twelve hundred mortgage to Charles E. Capen, that I have good right to sell and convey the same to the said Thomas W. Wood to hold as aforesaid ; and that I and my heirs shall and will warrant and defend the same to the said Wood, his heirs and assigns forever, against the lawful claims and demands of all persons.

" Provided Nevertheless, That if the said Benjamin L. Smith, his heirs, executors, or administrators pay to the said Thomas W. Wood his heirs, executors, administrators or assigns, the sum of one thousand dollars in six months from this date, then this deed as also one certain note bearing even date with these presents, given by the said Benjamin L. Smith to the said Thomas W. Wood, to pay the sum and interest at the time aforesaid shall both be void, otherwise shall remain in full force.

" In witness whereof, I the said Benj. L. Smith and Abbie R. Smith wife of the said Benj. L. Smith in testimony of her relinquishment of her right of dower in the above described premises, have hereunto set our hands and seals this first day of January in the year of our Lord one thousand nine hundred." 

This mortgage was also duly executed, delivered and recorded.

Thomas W. Wood to whom this last mentioned mortgage was given was the father of the defendant Abbie R. Smith who is the wife of the other defendant, Benjamin L. Smith, Said Thomas W.

Wood, a resident of Boston, Mass., at the time of his death, died testate July 22, 1902, bequeathing the last aforesaid mortgage to the said Abbie R. Smith and also naming her as the sole executrix of his last will and testament which was duly probated and allowed and letters testamentary issued to her.

At the conclusion of the testimony, it was agreed to report the case to the Law Court "for that court to pass upon and decide all questions of law and fact involved, upon so much of the evidence as is legally admissible."

The pith of the case appears in the opinion.

*J. H. Gray and E. B. Jonah,* for plaintiffs.

*J. F. Lynch and A. D. McFaul,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, J. This action is reported to the Law Court for decision of "all questions of law and fact involved." There is no limitation of the defense to any pleadings, and hence the court can give effect to any contention in defense which is supported by the evidence and could have been pleaded in the action. The action is a writ of entry or real action, and the plaintiff's title and right of possession are apparently sustained by a foreclosed mortgage of the demanded land from the defendants themselves. The defendants contend, however, and only contend, (1) that the mortgage by its terms is subject to a prior mortgage now held by one of the defendants and which both claim under as the older and better title, and (2) that if the mortgage to the plaintiffs is not in terms subject to the prior mortgage it does not express in that particular what was intended by both mortgagors and mortgagees, viz: that it should be subject to the prior mortgage and hence it should now be held to be subject to that mortgage.

The first contention cannot be sustained. The only mention of a prior mortgage in the mortgage deed to the plaintiffs is in the covenant of freedom from incumbrances as follows: "they" (the premises) "are free of all incumbrances except a mortgage to the said Abbie R. Smith." The granting clauses, the habendum, and

the covenant of full warranty are unconditional and without exception and operate to convey all the title of each grantor without exception. The exception in the covenant of freedom from incumbrances does not limit the effect of the prior unconditional grant. *Maker* v. *Lazell*, 83 Maine, 562.

The second matter set up in defense, if true in fact, is not an available defense in this action even since the statute allowing equitable defenses to be pleaded in an action at law. R. S., ch. 84, sec. 17. True, the statute declares that the defendant may plead in defense " any matter which would be ground for relief in equity," but the context shows that the only relief to be granted is " against the claims of the plaintiff," that is, the claims made in the action. " The statute does not go so far as to provide for the separate determination of a legal right and of a distinct, independent, equitable right in the same action at law, and then for setting off the judgment upon the equitable right against the judgment upon the legal right. The equitable matter to be pleaded in the action at law must be matter of defense to the plaintiff's claim, not matter of set off, not matter constituting ground for relief in equity apart from and independent of the action at law.

In this action the plaintiffs set up only a legal right and prima facie sustain it by an effective deed of conveyance from the defendants themselves. Without some matter, legal, or equitable, to upset or avoid that deed, there is no defense to the action. The evidence does not disclose any such matter. The only claim made affecting the deed is that in drafting it there was omitted one provision the parties intended to have inserted. The validity of the deed as it stands is not questioned, and its effect to vest title and right of possession in the plaintiffs is clear. It is a muniment of title and must be given effect according to its terms in any action, legal or equitable, until duly reformed so that its terms shall have a different effect.

The procedure to reform a written instrument by changing its language to such as the parties intended to use, or to change its effect to accord with their intention, has always been exclusively in equity, and necessarily in equity, in those jurisdictions where the distinction

between legal and equitable procedure still prevails.   *Winnipiseogee Paper Co.* v. *Eaton,* 64 N. H. 234.   It is evident that any judgment at law though it might avoid the deed or refuse it effect, could not reform it.   The nature of the right of reformation is such as to require for its enforcement the flexible decrees obtainable by suits in equity.

This right of reformation of a written instrument is not mere matter of defense to an action in which the instrument is set up as the basis or source of a right.   It is an independent affirmative right arising as soon as the instrument is delivered.   Being independent of any action at law and requiring decrees in equity for its enforcement, it should be enforced by a separate suit in equity and not interposed as an equitable defense to an action at law.   In this case the sustainable claim of the defendants (if it should prove to be sustainable) is not that the deed is void, but only that in one particular its language fails to express an intention of the parties.   If this be so, the deed is not to be declared void nor refused effect in an action at law, but is to be reformed so it can have the effect intended.   For reasons above given such reformation can be effected only by suit and decrees in equity.   The statute, R. S., ch. 84, sec. 17, does not go so far as to provide that it shall, or even may, be done in an action at law.

Nor can such reformation be effected under sec. 16 of the same statute, ch. 84, which provides for the transformation of an action at law into a suit in equity "when it appears that the rights of the parties can be better determined and enforced by a judgment and degree in equity."   This provision applies only to the rights of the parties which are made the subject matter of the action at law, not to other and independent rights.   In this action the only right in question is that of the plaintiffs, to the possession of the demanded land.   That right, if it exists, is a pure legal right to be enforced by judgment and execution at law.   Should the action be transformed into a suit in equity in order to have the deed reformed, the right of possession under the deed as reformed is still to be determined and enforced by judgment and execution at law.   In *Lewiston* v. *Gagne,* 89 Maine, 396, begun and decided after the passage of the statute, (secs. 16 and 17) the action was at law upon a tax collector's

bond, and it was heard on report as in this case. It appeared in evidence that the bond was intended to cover the year 1893, but by mistake had been written to cover the year 1894. The court said that the bond must be reformed by process in equity, unless the parties would agree to have the damages assessed as if the bond were written for the correct year.

Though we cannot consider in this action the question of how or whether the deed should be reformed, we think the defendants should have reasonable opportunity to present that question by suit in equity before judgment in this action. They should not be deprived of that opportunity because of this opinion that it could not be presented here. The statute is not so clear as to make the contrary opinion evidence of ignorance or carelessness. The report will therefore be discharged, and this action remitted to nisi prius to be continued for a reasonable time to enable the defendants to present by suit in equity their claim to have the deed reformed.

*So ordered.*