## T. YAMASHIRO *v.* MANUEL COSTA.

## No. 1319.

EXCEPTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

SUBMITTED APRIL 19, 1921.                    DECIDED APRIL 27, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE FRANKLIN
IN PLACE OF EDINGS, J., ABSENT.

EVIDENCE—*parol evidence to vary the terms of a written contract admissible, when.*

A parol agreement which is collateral to a written contract and not inconsistent with it may be proved but no rule is better settled than that which forbids parol evidence of terms which are inconsistent with the provisions of a written contract declared upon in an action at law.

SAME—*same.*

A written contract providing for payment for a crop of sugar cane with prices based upon New York quotations forty-five days after the cane is delivered for 96° sugar cannot be varied by showing that the payment was not to be made upon that basis.

SAME—*cross-examination.*

It is a general rule of law that the extent and manner of cross-examination of a witness which may be made with regard to matters not inquired about in the direct examination are largely subject to the control of the trial court in the exercise of its discretion. This discretion, however, is a judicial one and subject to review for abuse.

PLEADING—*amended pleadings.*

A court will not allow an amendment designed to permit the

introduction of parol testimony varying the terms of the written contract.

CONTINUANCE—*motion for addressed to the sound legal discretion of the court.*

> Motions for continuance are addressed to the sound legal discretion of the court and unless that discretion is clearly abused no error is shown.

OPINION OF THE COURT BY KEMP, J.

This is an action in assumpsit for $4141.81. The complaint contains three counts. The first count declares upon a contract in writing, a copy of which is attached to the complaint as an exhibit; the second claims the same amount to be due the plaintiff from the defendant upon a *quantum meruit* for work and labor performed by plaintiff for defendant at his special instance and request, while the third is for the same amount alleged to have been received by the defendant from the Laupahoehoe Sugar Company for the use and benefit of plaintiff. The defendant answered admitting an indebtedness to the plaintiff in the sum of $2525.08; alleged that he had made a legal tender of said amount to the plaintiff prior to the institution of this suit, which was refused, and again makes the tender of the same amount in court by depositing with the clerk the sum of $2525.08. He prays that the plaintiff may be adjudged to have and recover from him the said sum of $2525.08 and no more. The case is here on plaintiff's interlocutory bill of exceptions and presents for our consideration questions of the admissibility of evidence and the correctness of rulings on motions for leave to amend the complaint and to stay the proceedings until a bill in equity to reform the contract can be brought and tried.

The written contract involved purports to have been executed by the plaintiff and defendant September 11, 1918, and by its terms the plaintiff was to perform all

labor and furnish all material, fertilizer and implements required in the cultivation of the first and second crops of sugar cane on lot No. 85 of the Manowaiopae homesteads, he to hoe, plow, cultivate, strip, replant when necessary and bring to maturity the said crops of cane and to do all work incident to the cultivation in the most approved manner by methods now in vogue by the Laupahoehoe Sugar Company. He further agreed that when said crops became fully matured, by direction of the party of the first part (defendant), to cut and bundle the said cane, weigh, transport and deliver it to the Laupahoehoe Sugar Company's mill at Papaaloa, Hawaii. The defendant agreed "that for the faithful performance of each and all of these covenants by the party of the second part (plaintiff) to pay unto the parties of the second part a sum equal to 6/7 of the proceeds of the whole crop with prices based on New York quotations forty-five days after the same is delivered for 96° sugar; provided that no payment shall be made to the parties of the second part until all claims of whatsoever kind against said crops shall first be deducted from the 6/7 of the proceeds above mentioned. * * * Payment shall be made by the party of the first part to the party of the second part when said party of the first part has received the money on full settlement for the said cane from its sale, first deducting from the amount due the party of the second part all advances made together with interest thereon at the rate of seven (7) per cent. per annum." The suit was filed September 15, 1920, and trial was begun before a jury January 17, 1921.

By evidence and stipulations the plaintiff established that he had fully performed his obligations under said contract. He thereupon attempted to prove the circumstances under which the contract was signed and what oral agreement he and defendant had with reference to

the division of proceeds and which he supposed was contained in the writing when he signed it, and in that connection his counsel made an offer of proof which was in substance that plaintiff and defendant entered into an oral agreement, the provisions of which were similar to the written contract with the exception that the oral agreement did not contain the clause "with prices based upon New York quotations forty-five days after the cane is delivered for 96° sugar;" that David Bronco was employed by the defendant to embody the terms of the oral agreement in a written draft and that in attempting to comply with his instructions David Bronco produced a draft of the contract, a copy of which is attached to the plaintiff's declaration as an exhibit; that the clause above quoted with reference to prices being based on New York quotations was inserted by David Bronco of his own motion without instruction from the defendant and without the knowledge or consent of the plaintiff or defendant; that the plaintiff is a Japanese who cannot read English and cannot understand the provisions contained in said instrument and who understands spoken English but imperfectly; that he was unable to read the contract and did not know its contents; that said Bronco attempted in the presence of defendant to explain in pidgin English to plaintiff the terms of the instrument which he had prepared but omitted the clause "with prices based upon New York quotations forty-five days after the cane is delivered for 96° sugar;" that said Bronco told the parties that the contract provided that there should be a division of the proceeds of the cane produced, 6/7 to go to the plaintiff and 1/7 to go to defendant; that from the plaintiff's 6/7 there should be deducted the costs and expenses in connection with the cultivation of the cane; that plaintiff believed the statements so made by Bronco to be true and relying solely upon those statements he

signed the contract; that he was not aware that the contract contained the clause "with prices based upon New York quotations forty-five days after the cane is delivered for 96° sugar." To this offer the defendant objected upon the ground among others that it would permit the plaintiff to vary the written contract by parol contemporaneous agreement between plaintiff and defendant and that the plaintiff has brought an action upon this contract but that plaintiff now attempts to come in and change the specific terms of the contract. The objection was sustained and plaintiff excepted.

Plaintiff also later in the proceeding requested leave to amend his pleading so as to allege facts substantially the same as those contained in his offer of proof. Defendant objected to the amendment on the grounds: "(1) That the offer to amend should have been made prior to the commencement of the trial; (2) that the amendment so alleged would be an attempt on the part of the plaintiff to vary the terms of the written contract by the use of parol contemporaneous evidence; (3) that the amendment so alleged would be a variance of the form of action and would vary the theory adopted by the case as originally produced." Leave to amend was refused and the court stated that it wanted the record to show that it was refused on all grounds. Plaintiff excepted.

It appears from evidence adduced upon the trial that defendant sold the sugar cane produced by plaintiff upon the lot in question to the Laupahoehoe Sugar Company at a price based upon the average price of sugar during the month in which deliveries were made which produced a sum, 6/7 of which, after deducting all expenses properly chargeable to plaintiff, equals the amount for which plaintiff is suing. It further appears from evidence given by some of plaintiff's witnesses upon cross-examination that if defendant had received payment for said sugar

cane at "prices based upon New York quotations forty-five days after the cane is delivered for 96° sugar," as that clause was explained by said witnesses, he would have received an amount which, after proper deductions were made, would equal the amount tendered. Thus appears the necessity of plaintiff in some manner getting rid of said clause in the contract or else accepting the amount which defendant has tendered.

It must be apparent that if the proof which plaintiff offered was properly rejected there was no error in refusing to permit him to amend his complaint for if he is not entitled to prove these matters he was not injured by being denied the right to allege them. "A court will not allow an amendment designed to permit the introduction of parol testimony varying the terms of a written contract." 31 Cyc. 421.

A disposition of the exception to the refusal to receive the offer of proof will also dispose of the exception to the refusal to allow the amendment.

Was the evidence offered admissible in an action at law on the written contract? A parol agreement which is collateral to a written contract and not inconsistent with it may be proved (*Durkin* v. *Cobleigh,* 156 Mass. 108) but no rule is better settled than that which forbids parol evidence of terms which are inconsistent with the provisions of the written contract declared upon. *Stewart* v. *Spalding,* 23 Haw. 502, 513; *Richards* v. *Ontai,* 19 Haw. 451; *Henry* v. *Shields,* 19 Haw. 302; *Ah Hoy* v. *Raymond,* 19 Haw. 568. As the written contract stands the payment to plaintiff by defendant is limited by the provision that settlement shall be upon the basis of New York prices forty-five days after delivery of the cane. Evidence to the effect that settlement was not to be made upon that basis would clearly be inconsistent with the provisions of the writing and was therefore inadmissible.

Plaintiff has argued that there is a latent ambiguity in the contract which he is entitled to explain. Defendant does not deny that if there exists a latent ambiguity plaintiff would be entitled to give evidence of its real meaning. What he does say is that no such ambiguity exists. In this we think he is correct. It seems to us that what plaintiff was trying to do was to show that the contract contained words which ought not to be there because he and the defendant did not agree upon them. If we once concede that he is entitled to make such a showing then a court of law can reform any contract when a showing is made that it does not express the mutual understanding of the parties—a function solely of a court of equity. *Okuu* v. *Kaiaikawaha,* 7 Haw. 311; *Martin* v. *Smith,* 102 Me. 27.

We next consider the exceptions to the evidence which the defendant was permitted to elicit from plaintiff's witnesses upon cross-examination. John Frazer, the bookkeeper of the Laupahoehoe Sugar Company, was called as a witness for plaintiff and upon direct examination testified to the weight of cane harvested upon lot 85, the price paid the defendant therefor by said company and the said company's charges against same. Upon cross-examination by defendant's counsel he was permitted to testify over plaintiff's objection as to the basis of the company's settlement with the defendant for said cane and what he would have received had the settlement been upon the basis of New York prices forty-five days after delivery. The only objection made to this line of cross-examination was that it was not proper cross-examination. The exceptions do not challenge the competency or relevancy of the questions asked. The only issue on these exceptions therefore is whether reversible error was committed in permitting these questions upon cross-examination. It is a general rule of law that the extent and

manner of cross-examination of a witness which may be made with regard to matters not inquired about in the direct examination are largely subject to the control of the trial court in the exercise of its discretion. This discretion, however, is a judicial one and subject to review for abuse. *Meheula* v. *Pioneer Mill Co.,* 17 Haw. 56; *Booth* v. *Beckley,* 11 Haw. 518, 521. It is undoubtedly in the interests of orderly trial for a court to limit cross-examination to matters inquired about in the direct examination but no hard and fast rule can be laid down governing the extent of such examination. The circumstances of the trial and the convenience of court and witnesses must be taken into consideration and unless there is a clear abuse of the discretion which the court exercises it will not be considered reversible error. We see no such abuse in this case and these exceptions must therefore be overruled.

We have yet to consider the exception to the refusal of the court to grant plaintiff's motion which he styled a motion for stay of proceedings. After plaintiff had introduced all of his evidence he filed a motion supported by affidavit in which he set up all of the facts which he claims entitle him to have the contract as written reformed and asked for a stay of this proceeding until he could present a bill and get a decree in equity on his claim that the written contract does not truthfully set forth the agreement between him and defendant. The defendant says that the question of whether or not a court of equity has jurisdiction to reform a contract inadvertently entered into by reason of a mutual mistake of fact is not involved, but if it is then he admits the court has such jurisdiction. He does not contend that such a bill, filed after the institution of the action on the contract, would be improper or abate the action. What he does is to liken the motion made to an ordinary motion

for continuance and argue that it, like a motion for continuance, is addressed to the sound discretion of the court, and that this motion was properly denied because not seasonably made, not having been presented before trial began. The right of a party who has a suit pending to enforce a contract to file a bill in equity to reform the contract sued upon and to have trial of the law action delayed for a reasonable time to enable him to get a decree without otherwise affecting the action at law is recognized in the following cases: *Prudential Casualty Co.* v. *Miller,* 257 Fed. 418; *Sell* v. *Sparks,* 120 Fed. 1013; *Abraham* v. *North German Fire Ins. Co.,* 37 Fed. 731; *Martin* v. *Smith, supra.* If prior to going to trial in his action at law the plaintiff had seasonably presented a bill setting up the facts contained in his motion and affidavit praying for a reformation of the contract there would have been no question of his right to a hearing on his bill before being forced to a trial in his action on the contract. But it does not necessarily follow that he was entitled as a matter of right to have the proceedings in the action at law halted in the middle of the trial until he could present a bill and get a decree in a court of equity on his claim that the contract should be reformed. A ruling either way on the motion presented to the trial court would probably have been sustained. We hold that the motion, although styled a motion for stay of proceedings, was in effect a motion for a continuance and was addressed to the sound legal discretion of the court and unless that discretion was clearly abused there was no error. *McBryde Est.* v. *Gay,* 14 Haw. 313; *Waldeyer* v. *Wailuku Sug. Co.,* 19 Haw. 245. That there was no abuse of discretion in the ruling complained of seems clear to us. Had the court in the exercise of its discretion granted the motion it would have been entirely proper to have imposed terms such as payment of costs. Plaintiff is

therefore in no worse position than he would have been had the motion been granted on such terms. There is nothing to prevent him from taking a voluntary nonsuit after which he can file his bill in equity for a reformation of the contract and if successful bring a new action on the reformed contract.

Finding no error in the rulings complained of the exceptions are overruled.

*C. F. Parsons* for plaintiff.

*Carlsmith & Rolph* for defendant.