Mary W. Bowman *v.* Hartford Fire Insurance Company
*et al.*

(No. 7505)

Submitted March 1, 1933.  Decided April 4, 1933

(Rehearing denied June 8, 1933)

*Steptoe & Johnson, Stanley C. Morris,* and *J. Hornor Davis, 2d,* for appellant.

*Harper & Baker,* for appellee.

Woods, Judge:

The purpose of this suit was the reformation of a $5,000.00 fire insurance policy, and a recovery thereunder to the full amount of the damage occasioned by fire.  The insurance company appeals from a decretal judgment in favor of the plaintiff in the amount of $1,500.00—the stipulated damage to the dwelling in question.

Plaintiff, on October 26, 1925, conveyed a house and lot to one Josiah Stutler, retaining a vendor's lien to secure the pay-

ment of nine $1,000.00 purchase money notes, payable in one to nine years, respectively, with interest. There was no covenant in the deed requiring the purchaser to keep the dwelling house insured for the benefit of the plaintiff. However, upon default in payment of certain of the notes, Stutler, in order to get further time, agreed to and did take out a policy of insurance on the dwelling, with a loss payable clause to plaintiff as her interests should appear. A short time before this policy expired, Russell T. Keith, a new agent for defendant company called Stutler's attention to the fact that the policy was about to expire, and was directed to renew the same, omitting the "loss payable clause". Keith communicated with plaintiff, and was informed that there was due plaintiff some $6,000.00, and that she had a vendor's lien against the same. The renewal policy was made in the same form as the expiring policy. Stutler refused the policy.

Thereupon plaintiff, in order to protect her interests under the vendor's lien, asked defendant's agent for a policy for her sole benefit in an amount of $5,000.00—the defendant Stutler still owing $6,000.00 on the purchase price; and suit to sell under the vendor's lien having, a few weeks prior thereto, been instituted. A policy was prepared by the agent, as he thought, for plaintiff's sole benefit. It was made in the name of Stutler, with loss payable to plaintiff as her interest might appear, and carried the usual provision: "This Company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not and whether collectible or not." Some days later Stutler took out a $5,000.00 policy with another company for his sole benefit. The defendant company denied liability for more than $750.00, by reason of the additional insurance clause, stating that both policies were taken in the name of defendant Stutler. In view of such fact, plaintiff because of Stutler's insurance being to his own benefit, is deprived of the full amount of her contract; hence, she asks reformation.

There is no question but that the vendor of real property who retains a lien or takes back a mortgage has an insurable interst. 1 Cooley's Briefs on Insurance 259; *New Brunswick Fire Ins. Co.* v. *Morris Plan Bank,* 136 Va. 402, 118 S. E. 236;

*Hamlet* v. *American Eagle Fire Ins. Co.*, 107 W. Va. 687, 150 S. E. 7.

The insurance company takes the position that the usual way of writing a policy to protect a vendor, under a vendor's lien, is by a policy in the name of the purchaser, with "loss payable clause" to the vendor as her interest should appear—in fact that they know of no form for a policy such as plaintiff seeks to create by reformation. In the ordinary case such a procedure as contended for by the insurance company would suffice. But, such is not the case where the interests of the vendor and vendee are antagonistic. The vendee has declined to protect the interest of the vendor; so she seeks to protect that interest by taking out insurance for herself. She did not expect the same to be defeated by the vendee. In order to get full protection, as admitted by the insurance company's own argument, the insurance could not be taken out in the name of the vendee, with a loss payable clause in favor of the vendor. Such a procedure would make the "additional insurance" clause effective as to her recovery—and cut it down to just half of what she and the agent intended the policy should do.

So far as Keith is concerned there was a mutual mistake in the form of the insurance. Both he and plaintiff intended that the latter was to have her individual interest protected. "Representations, apparently within the scope of his authority, made by an insurance agent, authorized to solicit insurance, take applications, collect and remit premiums, and to receive and deliver policies, to an insured whom he solicits, and relied upon by the insured, are binding upon the insurance company." *Nichols* v. *Commonwealth Casualty Co.*, 113 Kan. 484, 214 Pac. 1111. And most courts hold that a policy may be reformed where it does not conform to the agreement of the parties though the mistake, so far as the company is concerned, was that of a mere soliciting agent with no power to issue a policy. 14 R. C. L. 902. See Note, 11 L. R. A. (N. S.) 357.

But, whether or not the company would approve the risk is not before us. They have attempted to insure the plaintiff for her sole benefit, and, now that loss has occurred must perform their obligation.

A further point is raised that the decree is erroneous, in that, without reforming the policy, it requires defendant to pay the full loss. In the case of *Boatwright* v. *Insurance Co.*, 191 Iowa 253, 180 N. W. 321, 11 A. L. R. 1085, in the third point of the syllabus, the court said: "Judgment may be entered against an insurer without reformation of the policy, in a suit to reform the policy and for judgment thereon when reformed, if the petition also prays such further and complete relief as to the court may seem just and equitable in the premises." In that opinion the supreme court of Iowa made the following observation: "If the plaintiff was entitled to recover upon the policy unreformed, then, so far as the defenses pleaded in the answer are concerned, the court would, if the cause had been tried to a jury, have been compelled to direct a verdict in plaintiff's favor, and defendant was not, therefore, prejudiced by the entry of the judgment." This same idea was expressed by Judge Brannon, in *Croft* v. *Hanover Fire Insurance Co.*, 40 W. Va. 508, 21 S. E. 854, as follows: "Substantial and even-handed justice has been done in the case by the decree, and, when that is so, there ought not to be a reversal, though on some point it may be open to question." Citing 4 Minor, Inst. 870; Barton, Ch. Prac. 1139.

Defendant sought to introduce, as after-discovered evidence (which was refused admittance) that plaintiff had released to Stutler any claim she might have to the proceeds of the policy in which Stutler was the sole beneficiary, in consideration of Stutler's releasing any claim he might have on the proceeds of the policy issued by defendant. This evidence was not proffered until some months after the case had been finally submitted, but prior to the actual entry of the order of submission. However, we see nothing in the proceedings that prejudices the insurance company's rights in the premises. The mutual releases do not amount to anything more than that neither will interfere with the others interests. The policies, in view of the reformation, were on different interests, and therefore were not subject to the "additional insurance" clause.

The decree of the circuit court is therefore affirmed.

*Affirmed.*