E. R. BUSCH *v.* WEST VIRGINIA INSURANCE COMPANY

(No. 8148)

Submitted February 11, 1936.   Decided February 26, 1936.

S. A. *Powell,* for appellant.
*Bruce Ferrell* and *S. P. Bell,* for appellee.

WOODS, JUDGE:

Defendant, a mutual fire insurance company, complains of the action of the circuit court of Calhoun County in reforming a certain fire policy, and entering a decretal judgment thereunder in favor ,of the plaintiff.

In August, 1928, plaintiff, who was engaged in the mercantile business, at solicitation of one Boyd Wilson, applied to and secured from defendant a policy of insurance in amount of $2300.00, on a building occupied as store and dwelling, a stock of merchandise and household goods. The policy was renewed without further application in 1929 and 1930. In September of the latter year, the aforesaid property was destroyed by fire, whereby plaintiff sustained an alleged loss of $9,000.00. The various companies with whom plaintiff was carrying insurance, with the exception of defendant, settled promptly. Notice of motion was filed July 23, 1931.

Several defenses were set up, one charging false swearing upon the proof of loss; and another that recovery could not be had under the policy because there was no indorsement thereon permitting the carrying of

other insurance. As to the latter, plaintiff countered with a special replication in which he attempted to set up waiver and estoppel. However, a demurrer to the replication was sustained. Later, leave to amend was granted and the case continued.

Some time thereafter the present suit was brought in which plaintiff sought, on the ground of mutual mistake, to have a reformation of the policy to the extent and so as to permit him to carry and have in force other insurance. The policy as issued; the real agreement, as contended for by plaintiff; and the respect in which the policy failed to embody the agreement, were sufficiently pleaded in the bill. Attention was called therein to the law action, with request that the same be stayed pending the determination of the instant suit. In addition to reformation, the bill prayed for a decretal judgment.

The mistake is premised on the knowledge of the company, either through its agent, or the application which is alleged to have been filled out by the agent, and which plaintiff calls upon defendant to produce, that plaintiff carried other insurance with a number of standard fire companies; and that the policy issued on such knowledge must of necessity have contemplated the addition of a clause, provided for in the policy, granting plaintiff the right to carry other insurance.

A demurrer to the bill was overruled. Thereafter certain evidence, in the form of depositions, was submitted to the court. Both plaintiff and his wife testified that the agent made out the application after being fully advised concerning the insurance carried with other companies, and that the application, if produced, would undoubtedly show the same. The secretary, the only witness for defendant, testified that he could not locate the application, and that he did not believe the policy was issued upon an application containing information regarding other insurance. The agent was not called. A decree was pronounced in favor of the plaintiff.

Did the chancellor err in entertaining plaintiff's bill for any purpose and, if so, to what extent?

The existence of an adequate remedy at law cannot

deprive courts of equity of jurisdiction in matters that come within the scope of their elementary jurisdiction. The jurisdiction of equity is clear in the question of mistake, whether the mutual mistake of the parties, or the mistake of one of them occasioned by the fraud or culpable negligence of the other. It is, therefore, apparent that plaintiff could have invoked the aid of a court of equity, within the year limitation provided for in the policy, for the purpose of having the policy reformed, and recovered decretal judgment as well. *Bowman* v. *Hartford Fire Insurance Company*, 113 W. Va. 784, 169 S. E. 443. To permit such a suit after the year limitation would be to render the limitation provision nugatory. So, the only purpose for which the court could entertain the bill in the instant case would be in aid of, or ancillary to, the action at law. May on Insurance (4th Ed.) 1335, sec. 566; *Rosenbaum* v. *Council Bluffs Insurance Company*, 37 Fed. 724; *Abraham* v. *North German Fire Insurance Company*, 37 Fed. 731, 3 L. R. A. 188. To so hold, of necessity robs the chancellor of the right to determine the rights of the parties under the contract.

But, argues the defendant, once a litigant has elected to pursue a certain remedy he may not leave it if he can get adequate relief by way of his original action. And in support of its position that notice of motion for judgment in the instant case was adequate, cites *Medley* v. *Insurance Company*, 55 W. Va. 342, 353, 47 S. E. 101, 2 Ann. Cas. 99, which, along with other decisions, has permitted plaintiff, by way of special reply, to set up matters of waiver and estoppel in such situations, and thus reach the same result as if the policy had been reformed. While this is true, there is nothing denying plaintiff the right to have the policy reformed in a court of equity after he has discovered, through the specifications of defense, that a material part of the contract had been omitted from the policy. And, although it would probably be better practice in such cases to have an order entered in the law action staying the same for a reasonable time to enable a reformation by appropriate decrees in equity

114

(*Martin* v. *Smith*, 102 Me. 27, 65 Atl. 257), the fact that the pleadings in the law suit are made part of the bill, and the court asked to stay the proceedings in said law action pending the equity suit, we are of opinion that the chancellor's action in entertaining the bill automatically stayed the law action, pending an adjudication on plaintiff's rights to a reformation.

If the application did, in fact, contain the information regarding other insurance, which the agent was alleged to have had, and which the proof sustains, then the issuance of the policy by the company thereon shows an intent on the part of the company to incorporate the proper provision giving right to plaintiff to carry other insurance. The company's inability to present the application, although so requested in the bill, and failure to call, or give reason for not calling, the agent, is sufficient, when considered in the light of evidence submitted on behalf of plaintiff, to carry the decree of reformation. The knowledge of the agent, under the circumstances alleged and proven, is binding upon the company. *Bays* v. *Farmers' Mutual Fire Insurance Association,* 114 W. Va. 164, 171 S. E. 253; 5 Cooley's Briefs on Insurance, 4164.

The decree is accordingly set aside, reversed and annulled, in so far, and in so far only, as it purports to adjudicate the rights of the plaintiff under the policy as reformed, and in all other respects is affirmed, and this cause is remanded with directions that the decree as so modified be certified to the law side of the court in order that the notice of motion may proceed on the other issues raised by specifications of defense to final judgment.

*Reversed in part; affirmed in part; remanded.*