## BOWEN v. SNELL, use, &c.

1. A plea averring who is the real owner of the note sued upon, and that the suit is instituted for his benefit, and pleading an offset against him, is a good plea, although a different person is indicated on the record, as the beneficiary of the note in suit.

Error to the County Court of Butler.

Assumpsit by the plaintiff in error on a promissory note, for the use of Watkins Salter.

Pleas, non assumpsit, and a special plea, averring that John G. Salter is the real owner of the note sued upon, and that the suit was instituted for his benefit; that John G. Salter was, and still is, indebted to one Coley & Stewart, in a large sum of money, to wit: the sum of $483, by promissory note, dated the 8th February, 1841, and due the 1st February af-

ter, which promissory note Coley & Stewart indorsed and delivered to the defendant—that the note was presented to J. G. Salter, and he refused to pay—that the debt is still due and unpaid, and exceeds the amount of the debt sued upon, and offers to set off the damages against the claim sued upon. The plea concludes with a verification.

To this plea the plaintiff demurred, and his demurrer was sustained. The defendant also attempted to prove the same facts under the general issue, but the court ruled out the evidence, and the defendant excepted.

These matters are now assigned as error.

COOK, for plaintiff in error, cited 2 S. & P. 134; 8 Porter, 523; 7 D. & E. 663.

WATTS, contra, contended, that the plea was double, and incongruous. That a set off could not be allowed in a court of law, which was not against the beneficial plaintiff upon the record. [6 Cowen, 695; 5 Id. 231; 10 Johns. 409; 7 Ala. Rep. 495.]

If the testimony was admissible, it could have been received under the general issue. [7 Ala. Rep. 162.] It was properly rejected, because it was offered, not only to contradict the alledged ownership of the note, but also as a set off.

ORMOND, J.—Though we are not aware that the precise point here presented, has ever before arisen in this court, yet many of our decisions on kindred subjects, assume the law to be, that a set off may be pleaded against the party really interested in the debt sued upon, though not a party to the record. Such is the doctrine of the English courts. See the opinion of Mr. Justice Ashurst, in Winch v. Keely, 1 Term, 621; 7 Taunton, 237.

In New York, at one period, a different opinion prevailed. In the case of Wheeler v. Raymond, 5 Cowen, 231, the question was elaborately considered, and it was held, that a set off could not be pleaded against the party beneficially interested, he not being a party to the record. To the same effect is Johnson v. Bridge, 6 Id. 695. These decisions are put upon the statute of set off of that State, which allows the de-

fendant to have a judgment for the excess of the demand set off, beyond the debt of the plaintiff, which it is supposed by the court, is conclusive to show, that the legislature intended to confine the right of pleading a set off to the parties to the record. This reasoning is not in our opinion satisfactory. The right to a judgment for the excess, is a privilege conferred on the defendant, which he certainly ought to have the right to waive, and to be permitted to set off a part, where from the condition of the record, he cannot get a judgment for the residue. The more especially, as this state of things is produced by the fraudulent conduct of the creditor, in putting a simulated plaintiff upon the record.

Our statute is, in this respect, the same as the New York statute. and in Jones v. Milton, 7 Ala. Rep. 830, this point was ruled differently by this court, holding that in cases where a judgment could not be obtained for the excess of the set off over the debt sued upon, so much of the counter claim as could be set off would be extinguished.

In Bridge v. Johnson, 5 Wendell, 343, this question came before the court of errors of New York, and the court were equally divided upon it, so that it seems, that in that State the law is still in an unsettled condition. The law, as we understand it to be, and as it has been heretofore understood in this State, commends itself by its conformity with the letter of the statute, by its directness, and simplicity, and its tendency to prevent fraud. It would be monstrous, if an insolvent man could prevent an off set against his claim, by indicating upon the record, that the suit was brought for the benefit of a third person. [Sargent v. Southgate, 5 Pick. 312; Ranger v. Carey, 1 Metcalfe, 369 ; McDuffie v. Dame, 11 N. H. 244.]

The criticism upon the language of the plea, does not appear to be well founded. There is nothing incongruous in the averments of the plea, though there is a slight inaccuracy of language.

Let the judgment be reversed and the cause remanded.