## McCLURE v. LITCHFIELD.

1. Where a note is given on a consideration moving entirely from a third person to one assuming to act for him, any defence of the maker against the party in interest, is admissible where no interest in the note is disclosed by the person to whom it is made.

2. When a note is given to one assuming to act for another, for a debt already owing, and the agreement is that it shall remain with a third person until the concurrence of the creditor is obtained, an attachment afterwards levied, upon such concurrence, will authorize the maker to resist the payment, on showing satisfaction of the judgment on the garnishee process.

Writ of Error to the Circuit Court of Sumter.

Assumpsit, by McClure against Litchfield, on promissory notes.

43

At the trial, the defendant offered evidence conducing to show the promissory notes were given by him to the plaintiff, for the rent of land, which was rented by one Briggs to the defendant—that after renting the land, Briggs left the country, and the notes were executed for some land and some cattle, which Briggs left there—the notes were taken for the benefit of the wife of Briggs, and were to be placed in the hands of one Curry, until it could be ascertained whether they belonged to the plaintiff or to Briggs.

The defendant then proposed to show an attachment at the suit of Houston & Co. against Briggs, as well as the answer of himself as garnishee, in which he admitted an indebtedness to Briggs for the amount of the notes. Also, the proceedings showing a judgment against him for the amount of the notes, and its subsequent payment by him. The plaintiff was in no ways a party to, or mentioned in the attachment, garnishment, or answer; the last of which admitted the indebtedness to Briggs, without any notice of the plaintiff. The plaintiff objected to this evidence, for the reason that he was no party to the proceedings in attachment. The court, however, admitted the evidence, and the plaintiff excepted.

This is now assigned as error.

R. H. SMITH, for the plaintiff in error, cited Lamkin v. Phillips, 9 Porter, 98; Foster v. White, Ib. 221; Stubblefield v. Haggerthy, 1 Ala. Rep. 38; Foster v. Walker, 2 Ib. 177; 5 S. & P. 200; 3 Porter, 175.

M. F. HOIT, for the defendant in error, insisted—

1. That the plaintiff, in taking the notes, was to be considered as the agent of Briggs, and therefore in equity and justice they should be held as his property. [Scott v. Surdman, Willis, 400; Thompson v. Perkins, 3 Mason, 232; Ex parte Dumas, 1 Atk. 233; Ex parte Emory, 2 Vesey, sen. 674; Chesterfield Man. Co. v. Deshon, 5 Pick. 7; Kelly v. Bowman, 12 Ib. 383.] It is true McClure could maintain an

action in his own name; (Bird v. Daniel, 9 Ala. Rep. 481; Story on Agency, § 394;) but as no actual interest is shown, or asserted by McClure, he will be considered as sueing for the benefit of Briggs, and the defendant is entitled to make the same defence as if sued by Briggs. [Story on Agency, § 404.5-6; Atkins v. Auld, 2 Esp. 393; Bowen v. Snell, 9 Ala. Rep. 481; Coffin v. Craig, 7 Taunt. 243; Coffin v. Walker, Ib. 237; 1 Term, 621; Merrill v. Bank of Norfolk, 19 Pick. 32; Kelly v. Manson, 7 Mass. 319; Barker v. Prentiss, 6 Ib. 430.]

2. The notes did not extinguish the debt due to Briggs, unless his consent to their being made to McClure was shown, and therefore the defendant properly answered his indebtedness, and the proceedings were proper to show the want, or failure of the consideration. [15 John. 247; 8 Pick. 522; see also, Story on Agency, § 264; 7 Ves. 608.]

GOLDTHWAITE, J.—1. In the condition of this case upon the record, it seems quite clear to us, the evidence of the attachment of the debt due from the defendant to Briggs, was proper, and that for two reasons.. In the first place, if the plaintiff has any beneficial interest in these notes, that is not made te appear, and the reasonable inference arising from the circumstance that all the consideration passed from Briggs is, that the plaintiff was merely his agent in the whole transaction. In this view of the case we consider the rule to be well settled, that when the suit is in the name of one person, it may be shown that the entire interest is in another, so as to let in a defence against the one having the real interest. [Story on Ag. § 404-5-7, and cases there cited; see also Bowen v. Snell, 9 Ala. Rep. 481.]

2. The other reason on which the evidence was admissible is, that it went to the consideration of the notes. These it seems were taken by the plaintiff for a debt due to Briggs, and without authority from him. For the protection of the defendant, they were to remain with Curry until the arrangement received the concurrence of Briggs. Until that concurrence was given, it is clear the defendant was not dis-

charged from accounting to him for the rents, &c. If the attachment then, was levied before this concurrence was signified, can any one doubt the attaching creditor would be entitled to condemn the money due from the defendant? We think the right so to attach the debt is manifest, and if exerted here, there was a failure of consideration. In either of these views, the cases cited by the plaintiff have no influence on the case before us.

In our judgment there is no error in the admission of the evidence. Judgment affirmed.