## MOODY vs. ROBERTSON.

[ACTION TO RECOVER MONEY PAID BY MISTAKE—SET-OFF.]

1. *Set off*.—Where a person conveyed land to another in consideration of the payment by the latter of his indebtednes to a third person, and it was afterwards ascertained that the debt had been previously paid, in a suit by the party making the payment to recover it as money paid by mistake, the defendant may make available a set-off against the party for whose benefit it was paid, though not a party to the record.

2. *Money paid by mistake, suit to recover; by whom may be maintained.*—A suit to recover money paid by mistake may be instituted in the name of the party really interested.

APPEAL from Circuit Court of Tuskaloosa.
Tried before Hon. W. S. MUDD.

This cause of action arose in the following manner : John Robertson conveyed to his son, John T. Robertson, a tract of land in consideration of the payment by the latter of several judgments against him. Among these was one owned by Mrs. Eliza Cunningham. It had been previously paid by a co-obligor, but this was forgotten. Moody, the attorney for Mrs. Cunningham, received both payments, and when he discovered the mistake he reclaimed the last payment, but held it as a partial satisfaction of a larger judgment recovered by himself against John Robertson. In this state of the case, John T. Robertson sued Moody for the amount so retained. The latter pleaded the general issue, payment, set-off, and a special plea stating the facts as above. This last plea was verified.

The court charged, in substance, that the plaintiff was entitled to recover, unless the conveyance made by John Robertson had the effect of transferring to him the demand ; and that it did not have such an effect if the money was paid by mistake.

There was a verdict and judgment for plaintiff.

Defendant appeals, and here assigns as error the charge of the court.

WASHINGTON MOODY, *per se.*

SOMERVILLE & MCEACHIN, *contra.*—The only point that is presented in the bill of exceptions is, whether this set-off is good in a court of law?

The statute authorizes only such debts and demands to be set-off as are "mutual."—Rev. Code, § 2642. It is obvious to the legal mind, that there is no such mutuality here as is contemplated by the statute. The defendant owes the plaintiff, and John Robertson, a third party, owes the defendant. The latter debt is *res inter alios acta;* and though there is a remote equitable connection between the two transactions, the debts are in different rights and not mutual.

The money sued for is the plaintiff's; the claim sought to be set-off is the debt of plaintiff's father. The party suing is not, as to the latter claim, defendant's debtor. Waterman on Set-off, p. 45, § 40; p. 26, § 22.

"The subject of a set-off," says the same authority, "is a cross debt or claim on which a separate action might be sustained, due to the party defendant from the party plaintiff."—*Ib.* p. 3. And "it must be a legal, not an equitable demand."—*Ib.* p. 29 (note), p. 26, § 22, *(supra.)*

The reasoning of the learned judge of the lower court, as stated in the bill of exceptions, is both logical and incontrovertibly correct—that the action against defendant in plaintiff's favor, would lie "unless the deed from John Robertson and wife to the plaintiff had the effect of transferring the claim sued on to said John Robertson, and the deed did not in law have that effect, if the money was paid to and received by defendant by mistake, and the deed was executed by John Robertson under the mistaken belief that the money was due on Mrs. Harts' (the Cunningham) judgment at the time it was paid."

The following principle, enunciated in Waterman on Set-off, p. 88, § 72, should put the point involved here at

rest. "It seems," he says, "almost unnecessary to state that a debt of the plaintiff to a third person, though connected with the subject of the action, cannot be set-off." The most that can be alleged, with any show of plausibility, by defendant, is that the collection of this money sued for, would in equity create a debt from the plaintiff to the father, John Robertson, and he anticipates this peculiar state of the case in seeking to establish his right of retainer.

It seems plain, that if the defendant has any remedy, it is not in this forum, but in another which possesses a broader power to correct the inequalities and insufficiencies of the law.

B. F. SAFFOLD, J.—The plaintiff is not entitled to recover if the defendant's judgment against John Robertson may be used as a set-off. It may be so used if the suit could have been instituted in the name of the said Robertson. The common law permits, and section 2523 of the Revised Code requires, a suit founded upon an implied contract for the payment of money to be prosecuted in the name of the party to be benefited.—1 Chit. Plead. 4, 100. A suit for the recovery of money paid by mistake, is based upon such an implied undertaking. As John Robertson was the party really interested, the defendant's judgment against him was available as a set-off, though he was not a party to the record.—*Bowen v. Snell*, 9 Ala. 481.

The charge was erroneous because the right of action accrued only on account of the payment by mistake.

The judgment is reversed and the cause remanded.