BIRMINGHAM TRUST AND SAVINGS COMPANY, A COR-
     PORATION EXISTING UNDER THE LAWS OF ALABAMA,
     PLAINTIFF IN ERROR, VS. JACKSON COUNTY MILL
     COMPANY, A CORPORATION EXISTING UNDER THE
     LAWS OF FLORIDA, DEFENDANT IN ERROR.

1. An obligation to pay money containing stipulations that may
   render it non-negotiable according to the law merchant, is
   made negotiable under the statute (section 1073, Revised Stat-
   utes,) to the extent of having the entire interest therein trans-
   ferred by assignment or endorsement, and of authorizing the
   assignee or endorsee to sue thereon in his own name.

2. The right of a defendant at law to set off an independent de-
   mand of any kind against the claim of the plaintiff does not
   exist by the common law, and whatever right that can be in-
   sisted on in this respect must depend upon the extent of statu-
   tory regulations on the subject.

3. An assignee of an obligation to pay money, non-negotiable ac-
   cording to the law merchant, takes it, under Section 1073,
   Revised Statutes, subject to all legitimate defenses connected
   with, or growing out of the obligation transaction itself that
   the obligor had against the assignor; but independent de-
   mands, in no way connected with the obligation transaction
   and not mutually existing between the parties to the suit at
   the time of the commencement of the action, can not be set-off
   at law under the statute of set-off (Section 1069, Revised Stat-
   utes,) now in force in this State.

Writ of error to the Circuit Court for Jackson coun-
ty.

*Statement.*

Plaintiff in error sued defendant in error, the declara-
tion alleging that the defendant made and delivered to
a corporation called the Northington Munger Pratt
Company, an obligation in writing whereby the defend-
ant promised to pay to the order of the Northington
Munger Pratt Company two hundred and thirty-eight

and 50-100 dollars on or before the first day of December, 1893, in part payment of a ginning outfit, and all costs for collecting same, including a reasonable attorney's fee; that said obligation contained other stipulations as will appear by the copy attached to the declaration and made a part thereof. That said obligation was duly endorsed, transferred and assigned before its maturity, for valuable consideration, to plaintiff, of which defendant had due notice and promised to pay the same to plaintiff but had wholly failed and refused to do so, though said obligation was long since over due; that plaintiff was forced to employ an attorney to bring the suit, whereby defendant became liable to pay the fees of said attorney; and fifty dollars is alleged to be a reasonable fee for this service.

The body of the obligation referred to and made a part of the declaration reads as follows: "On or before the first day of December, 1893, we or either of us promise to pay to the order of Northington Munger Pratt Co. two hundred and thirty-eight and 50-100 dollars for value received, it being for part payment on ginning outfit. And it is hereby agreed that the undersigned shall pay all costs for collecting above, including reasonable attorney's fees, on failure to pay at maturity. The right of exemption, as provided in the constitution and laws of the State of Alabama, or any other State in the United States, is hereby waived. The express condition of sale and purchase of said machinery is such that the title, ownership or possession of said machinery does not pass from the said Northington Munger Pratt Co. until this note and all interest is paid in full, and upon the failure to pay either of the installment notes executed as part payment of the machinery above described, as each respectively fall due, the said Northington Munger

500      SUPREME COURT.      [41st Fla.

Birm. T. & S. Co. v. Jackson Co. Mill Co.—Statement of Case.

Pratt Co. may at their option declare the entire indebtedness for said machinery due, including all installments, and take possession of said machinery, and may sell the same at public or private sale, and if said property does not bring enough to pay the amount agreed upon as the price in this contract of sale therefor, with interest, cost and expenses, then the amount of money remaining unpaid shall in consideration of the use and rent of said property be the value and subsisting claim against the vendee. In the event there has been a partial payment, or payments on this note, and by the failure of the payor to pay this note or any part of it at maturity the payee should take the machinery unto his possession, then such payments shall be held for the use of the machinery, and the payee shall not be required to account to the payor for such payment or payments when the machinery is so taken possession of by the payee. With interest at eight per cent. from date. Payable at Marianna, Fla." It is signed by the Jackson County Mill Co.

The defendant interposed a plea alleging that at the date of the alleged transfer of the cause of action the Northington Munger Pratt Company was and still is indebted to defendant in a sum greater than said claim sued on, to-wit: in the sum of $320 compensation for commissions due by said Northington Munger Pratt Company to defendant upon the sale of certain machinery and ginning appliances sold by said Northington Munger Pratt Company to the firm of Dickenson & Erwin at Greenwood, Florida, in the year 1893, said commissions being due defendant as agent of said Northington Munger Pratt Company in Jackson county, Florida, and which amount defendant was willing to set off against plaintiff's claim. There was further allega-

tion denying that fifty dollars was a reasonable attorney fee, but this was withdrawn.

A demurrer to this plea was overruled, and plaintiff filed two replications, one of which was ruled out on demurrer, and issue joined upon the other. The defendant below obtained a verdict and judgment on the trial. Plaintiff sued out writ of error.

The other facts in the case are stated in the opinion of the court.

*D. L. McKinnon*, for Plaintiff in Error.

*Francis B. and John H. Carter*, for Defendant in Error.

(Judge MALONE, of the Second Judicial Circuit, sat in the place of Mr. Justice CARTER, who was disqualified.)

MABRY, J. (*after stating the facts*):

This case must be disposed of on the demurrer to the plea filed by the defendant in error. The cause of action sued on is alleged to be an obligation in writing whereby the defendant in error promised to pay to the order of a corporation called the Northington Munger Pratt Company two hundred and thirty-eight and 50-100 dollars, and all costs for collecting, including a reasonable attorney's fee, being part payment for ginning outfit, and that said obligation was before maturity, duly endorsed, transferred and assigned, for valuable consideration, to the plaintiff, the Birmingham Trust and Savings Company.

The plea is in set-off, and alleges that at the date of the transfer of the cause of action the Northington Munger Pratt Company was, and still is, indebted to the defendant in the sum of three hundred and twenty dol-

502                  SUPREME COURT.                [41st Fla.

Birm. T. & S. Co. v. Jackson Co. Mill Co.—Statement of Case.

lars for commissions due by said Northington Munger
Pratt Company to defendant upon the sale of certain
machinery sold by said company to the firm of Dicken-
son & Erwin, in Jackson county, Florida, said commis-
sions being due defendant as agent for the Northington
Munger Pratt Company in said county. The demand
sought to be interposed as a set-off is not alleged to be
connected in any way with the obligation transaction
sued on, but is a separate and independent claim alleged
to be due defendant from plaintiff's assignor at the date
of assignment.

The question presented by the plea and demurrer
thereto is whether such a demand can, under the condi-
tions stated, be allowed as a set-off under our statute on
the subject. The obligation sued on contains many stip-
ulations, and we assume without discussion that it is
not negotiable according to the law merchant. It is an
obligation in writing to pay money, and under the stat-
utes of this State is negotiable to the extent of being
assigned or endorsed and of authorizing the assignee or
endorsee to sue thereon in his own name. The statute
(§1073, Rev. Stats.,) authorizes the assignment or en-
dorsement of bonds, notes, covenants, deeds, bills of ex-
change, &c., and vests the assignee or endorsee with the
same rights, powers and capacities as might have been
possessed by the assignor or endorser. It also in terms
authorizes the assignee or endorsee of such obligations
to bring suit thereon. As to obligations to pay money
not negotiable according to the law merchants, it may
be conceded, under the construction of the statute in this
State, up to the time of the commencement of this suit,
that an assignee or endorsee stands upon the same foot-
ing as the assignor would have stood if the assignment
had not been made. Cotten v. Williams, 1 Fla. 37;

White v. Camp, Ibid. 94; Sinclair v. Gray, 9 Fla. 71; Bellas v. Keyser, 17 Fla. 100. This construction of the statute may necessitate the conclusion that an assignee or endorsee of such paper takes it subject to all legitimate defenses, connected therewith that the obligor had against the assignor, but it does not determine the question now presented, whether in a suit by an assignee or endorsee of an assignable chose in action against the payor, the latter can avail himself by plea of off-set of an independent demand against the assignor. This question must be determined by a proper construction of our statute of set-off. It reads as follows: "All debts or demands mutually existing between the parties at the commencement of the action, whether the same be liquidated or not, shall be proper subjects of set-off, and may be pleaded accordingly. The defendant, at the time of the filing of the plea, shall file therewith a true copy of the subject-matter of such set-off; and upon the trial of the cause, in case the jury shall find a balance for the defendant, such defendant may claim a judgment for the same, and take out execution accordingly." It was held in Buffington v. Quackenboss, 5 Fla. 196, that the statute gives the defendant the right to have judgment for the balance which the jury on the trial of the cause may find in his favor. In Kilcrease v. White, 6 Fla. 45, the endorsee after maturity of a promissory note sued the maker and he interposed a plea of set-off for goods sold and delivered to the payee after the making of the note and before the commencement of the suit. On demurrer to the plea this court said "that the question thus presented does not rest upon our statute of set-off (which is in substance the same as that of the English statute, so far as regards the set-off of mutual debts), but upon the principles of the law merchant; the statute does

not apply to it." The plea was held bad, and the ruling of the court was that the endorsee of an overdue promissory note takes it as against the maker, with all the equities arising out of the note transaction itself, but not subject to a set-off in respect to a debt due from the endorser to the maker of the note, arising out of collateral matters; and that this doctrine was based upon the law merchant, and not the statute of set-off. This case is cited by counsel for plaintiff in error. It is insisted by counsel for defendant in error that this case can not be regarded as an authority adverse to the right of set-off of collateral matters against the assignee of a chose in action not negotiable according to the law merchant. In a case reported in the same volume, Hooker v. Gallagher, 351, text 356, it is said "a promissory note payable to order, is a negotiable instrument, and must be endorsed to give the holder (other than the payee) a right to call on the maker for payment, or to bring suit against him in his own name. The defendant, however, did not rely upon this principle, but put in several pleas, in two of which he attempted to set-off debts alleged to be due to him from one William Butler, an intermediate holder of the note. These pleas were clearly bad, whether the note was in point of fact endorsed or not, as our statute of set-off (Thomp. Dig. p. 347 §2) only allows a set-off between the parties to the action." This statement, though it may not have been necessary in disposing of the case, shows that in the year 1855 the court was of the opinion that the statute allowed off-sets only between the parties to the action. In the case reported in the 7th Fla. 329 (Mitchell v. McLean), the court held that a set-off was in the nature of a cross-action, and, to maintain it, the same principles must govern in the one as in the other. The English statute of

set-off, said in one of the cited opinions to be in sub-
stance the same as ours so far as regards mutual debts,
provided that where there are mutual debts between the
plaintiff and defendant, or if either party sue or be sued
as executor or administrator, where there are mutual
debts between the testator or intestate and either party,
one debt may be set against the other.   It also provided
that such demands might be given in evidence under the
general issue with notice or be specially pleaded.   8 Ba-
con's Abr. 640 (A).   There was no provision for judg-
ment in favor of defendant when his demand exceeded
that of the plaintiff, as is found in our statute.   In the
case of Isberg v. Bowden, 8 Exch. (Welsby, H. & G.)
851, it was, after mature deliberation, held that the stat-
ute of set-off was confined to legal debts between the
parties to the suit, the sole object being to prevent cross-
actions between the same parties.   The concluding lan-
guage of the opinion is:   "In this case the party whom
the defendant agreed to pay was the plaintiff, but the
plaintiff was not the party who agreed to pay the de-
fendant the debt sought to be set-off; and we think that,
looking at the plain words of the statute, we best give
effect to the true rule now adopted by all the courts at
Westminster for its construction, by holding that, inas-
much as the debts are not mutual debts between the
plaintiff and defendant, the one can not be a set-off
against the other.   This is acting upon the rule as to
give effect to all the words of the statute, a rule uni-
versally applicable to all writings, and which, we think,
ought not to be departed from except upon very clear
and strong grounds, which do not, in our opinion, exist
in this cause."   It is true that under the influence of the
decisions in Bottomley v. Brooke, and Rudge v. Birch,
referred to in the case of Winch v. Keeley, 1 Term, 619,

it appeared for a time that the English courts would put such construction upon their statute of set-off as would sustain the plea in the case before us, but these decisions were overruled and the rule established as announced in Isberg v. Bowden.

An early statute in New York was very similar to ours (Raymond v. Wheeler, 9 Cowen, 295), and it appears that the New York court was of the opinion that the provision in the statute in reference to giving judgment for defendant when his demand was the greater, showed that the set-off must be against the plaintiff on the record. The court seem to concede that under the English decisions of Bottomley v. Brooke and Rudge v. Birch an off-set would not be excluded by the New York statute on the ground of not being against a party to the record in the absence of the provision in reference to giving judgment for defendant when the jury returned an amount in his favor. This question was very much debated at an early day in that State, as will be shown by the cases of Wheeley v. Raymond, 5 Cowen, 231; Raymond v. Wheeler, 9 Cowen, 295; Johnson v. Bridge, 7 Cowen, 693; Bridge v. Johnson, 5 Wend. 342. In the last case the judgment was affirmed by a tie vote. The legislature, it seems, amended the statute soon after it was so construed by the court, and it is doubtful if such construction was ever thereafter generally regarded even by judges as correct, still the last decisions on the statute before its amendment were against the right of set-off.

The text-books and digest-makers assert as a general and well-settled rule that an assignee of a *chose in action* holds subject to all equities and off-sets which existed at the time of the assignment, and it is also sometimes stated that the assignment of the cause of action

under statutes with right to sue in the name of the assignee does not affect such rights of the parties. So far as equities and defenses connected with the transaction itself are concerned, the statement is entirely correct, but in reference to the right of a defendant at law to set-off an independent demand of any kind against the plaintiff, it must depend upon statutory regulation. There was no such defense at common law as set-off and it can be allowed only by a statute. Statutes in many States in authorizing the assignment of *choses in action* expressly provide that assignees take subject to all proper off-sets, but we have no such regulation, and our statute on the subject requires, we think, that the demands shall be between the parties to the suit at the commencement of the action.

The foregoing was substantially the opinion filed in this case before a rehearing was granted, which was done in order that the question might be again considered by a full bench. After such consideration we are of opinion that the conclusion reached is correct, and adhere to it. The question decided in the case of Howe v. Hyer Bros., 36 Fla. 12, 17 South. Rep. 925, we regard as different from the one presented in the present case, and not in conflict with our present views. The right of set-off is dependent entirely upon statute, and the construction we put upon ours is that at law the demands that may be set-off must mutually exist between the parties to the suit at the time of the commencement of the action. The right of set-off in cases of assignments by operation of law, such as in bankruptcy, insolvency or administrative proceedings, may present questions not determined in this decision.

The judgment will be reversed with directions for the Circuit Court to sustain the demurrer of plaintiff in error to the plea of set-off by defendant in error, and

for such other proceedings as may be consistent with law. So ordered.