## WORDEN v. GILLETT et al.

(District Court, S. D. Florida. August 26, 1921.)

No. 805.

1. **Set-off and counterclaim** ⊗═49(3)—**Set-off against principal not available in suit by agent; "defense;" "equity."**

Proof of agency of plaintiff only results in permitting defendant to avail himself of any defense against the principal which he may have, and the right of set-off is neither a "defense" nor an "equity"; hence, under the Florida statute of set-off (Rev. Gen. St. Fla. 1920, § 2660), which permits an affirmative judgment for defendant if any balance be found due him, where the plaintiff, in a suit on a note payable to a corporation, was the agent and acting in the suit for the corporation, to which the note was indorsed and delivered by the makers, the latter could not interpose a plea of set-off for a claim against the corporation for breach of a separate contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Defense; Equity.]

2. **Bills and notes** ⊗═320—**Set-off not defense against "holder not in due course"; "defense."**

Rev. Gen. St. Fla. 1920, § 4731, subjecting negotiable paper in the hands of a "holder not in due course," as defined in section 4725, to the same defenses as if nonnegotiable, does not enlarge the scope of the statute of set-off (section 2660), for the right of set-off is not a "defense."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Holder in Due Course.]

At Law. Action by Beverly L. Worden against M. E. Gillett and D. C. Gillett, trading as M. E. Gillett & Son. On motion to strike and demurrer to plea. Demurrer sustained.

Knight, Thompson & Turner, of Tampa, Fla., for plaintiff.

Gibbons & Gibbons and Raney & Morris, all of Tampa, Fla., for defendants.

CALL, District Judge. This is a suit by the transferree of an overdue promissory note against makers. The plea, to which both a motion to strike and a demurrer have been filed, alleges, in short, facts as follows:

In August of 1919 the defendants, being owners of certain patents, entered into certain agreements with the Submarine Boat Corporation for an agreed price to give an option to it to acquire 51 per cent. of the capital stock of a corporation to be formed at the agreed price of $500,-000, and to which was to be transferred the exclusive license under such patents, and which was to provide for the manufacture and mar-

keting of machines to be built under such patents. The Submarine Boat Corporation was to install, at a plant owned and controlled by it, machinery for and to manufacture such machines, and consideration for same was stated in such agreement, and was to advance the sum of $250,000 to plaintiff, for which the promissory note of plaintiff, payable in January, 1921, was to be given. On the maturity of this note, two notes, for $125,000 each, payable in three and six months from date, could be given in renewal. The note in suit is one of these notes. The present holder and plaintiff was an agent of said Submarine Boat Corporation, and took same with full knowledge of all the circumstances, and without any valuable consideration passing from him, but was acting for and on behalf of the corporation, and for the purpose of preventing the defendants from interposing the defense set up by the plea.

The plea further shows that by a subsequent contract between the parties, until the exercise of the option by the Submarine Boat Corporation, the defendants would do certain things on their part, and the Submarine Boat Corporation during this period would manufacture within a reasonable time all such machines as might be ordered from it by the defendants for a certain agreed consideration. It is this last contract which is alleged to have been breached, and for which the damage thereby suffered is claimed, and offered to be offset.

A motion to strike said plea, as well as a demurrer to same, was duly filed by the plaintiff. Section 2660 of the Revised General Statutes is as follows:

"All debts or demands mutually existing between the parties at the commencement of the action, whether the same be liquidated or not, shall be proper subjects of set off, and may be pleaded accordingly."

The section further requires the filing of a true copy of the subject-matter with the plea, and provides, that if the jury find a balance in favor of the defendant, that judgment may be claimed therefor.

Section 4725 provides who shall be a holder of negotiable paper in due course. Four things are necessary to constitute a holder in due course: (1) That it is complete and regular upon its face. (2) That he became the holder of it before it was overdue. (3) That he took it in good faith and for value. (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

Section 4731 provides that a negotiable instrument in the hands of any holder, other than a holder in due course, is subject to the same defenses as if it were nonnegotiable.

The demurrer admits the facts well pleaded to be true; therefore the right of the defendants to plead set-off in this suit must be tested as though the instrument sued on was nonnegotiable. The question, under the facts admitted by the demurrer, resolves itself into this: The plaintiff being the agent and acting for the Submarine Boat Corporation in this suit, to which the note in suit was indorsed and delivered by the makers, can the defendants interpose a plea of set-off for a claim against said Boat Corporation?

[1] The case of Adams v. Bliss, 16 Vt. 39, holds, under the statute of Vermont, that the plea of set-off was not permissible. Other cases, among them Chandler v. Drew, 6 N. H. 469, 26 Am. Dec. 704, and Bowen v. Snell, 9 Ala. 481, hold the contrary doctrine, although in the Alabama case the suit was by the plaintiff for the use of the party against whom the offset was pleaded. And the Alabama statute of set-off provided for a judgment in favor of the defendant for a balance. This provision is not present in the New Hampshire case above referred to.

Coming to the decisions in Florida bearing on this subject, the case of Birmingham T. & B. Co. v. Jackson County Mill Co., reported in 41 Fla. 498, 27 South. 43, Justice Mabry discusses the decisions, and while the exact point here involved was not before the court—that is, that plaintiff was the agent of the person against whom the set-off was pleaded—yet the construction of our statute of set-off seems to lead to the conclusion that the debts to be mutual must be between the parties to the record. He calls attention to the fact, in discussing the English statute, that there was no provision for a judgment in favor of the defendant for any balance which might be shown in his favor.

In the case of Gregory v. McNealy, 12 Fla. 578, Justice Westcott uses this language:

"Proof of agency only results in permitting the defendant to avail himself of any defense against the principal which he may have."

[2] Under an unbroken line of decisions, in so far as I am informed, it has been held that the right of set-off of an independent claim is neither a defense nor an equity, and was unknown at common law. It is purely a statutory right, to satisfy one demand by another, and thus prevent several suits between the same parties, when the whole controversy could be settled in one suit. Section 4731, above referred to, subjects negotiable paper in the hands of a holder, other than in due course, to the same defenses as nonnegotiable paper. This does not enlarge the scope of the statute of set-off, which is not a defense.

The demurrer to the plea will therefore be sustained.