M. ROTH, *Appellant,* vs. O. C. BOWMAN and W. E. BOWMAN, *Appellees.*

138 So. 774.

En Banc.

Opinion filed December 21, 1931.

Petition for rehearing denied January 30, 1932.

924

*Edwards & Marchant* and *Eldridge Cutts,* of Lakeland, for Appellant;

*Bryant & Trantham,* for Appellees.

MATHEWS, Commissioner:—Appellant, M. Roth, brought his bill of complaint against O. C. Bowman and W. E. Bowman to stay the levy of an execution upon judgment rendered against Roth in favor of O. C. Bowman. It is alleged that O. C. Bowman resides beyond the State of Florida and that W. E. Bowman is insolvent. The bill further alleges that O. C. Bowman and W. E. Bowman are jointly indebted to the complainant in a large sum of money for rents due under a certain lease, and complainant seeks an equitable set-off or to have the judgment under which levy is made set off against the amount owing by O. C. Bowman and W. E. Bowman. Temporary injunction was issued.

O. C. Bowman, by plea in equity, set up that previous to the institution of this suit, he sued Roth in equity to foreclose a labor and mechanic's lien; that said suit was later dismissed as having been prematurely brought; that thereafter and before the institution of the suit at bar, he, O. C. Bowman, sued Roth in the Circuit Court of Polk County in an action at law for work and labor done and performed, in which action Roth by way of set-off, plead the defendant O. C. Bowman was indebted to him for rents in the amount then claimed to be due; that replication was filed to such plea, and at trial recovery by Roth upon the plea of set-off was prevented by reason of fatal variance; it there appearing from the lease offered in evidence that the right of recovery for rent rested upon a joint contract signed by O. C. Bowman and W. E. Bowman as lessees. The purpose of this plea was to show that com-

plainant's remedy was by equitable plea in the common law action. The plea in the case at bar was sustained and complainant appealed.

The only issue presented by this appeal is whether the court below ruled properly in upholding the legal sufficiency of the plea filed by O. C. Bowman to the bill of complaint in this cause.

The former chancery suit brought by O. C. Bowman was disposed of by the court below as having been prematurely brought by reason of extension of time in which to pay, having been agreed upon between the parties, and is not material here.

Section 4301 (2635) Compiled General Laws of Florida, 1927, is, in part, as follows:

"Defendant's Equitable Pleadings.—The defendant in any cause in any of the courts of this State in which, if judgment were obtained, he would be entitled to relief against such judgment on equitable grounds, may plead by plea or subsequent pleading the facts which entitle him to such relief by way of defense."

The question here presented is: Was the appellant Roth bound to plead in the common law action as an equitable plea a set-off of the joint indebtedness due him by O. C. Bowman and W. E. Bowman under the terms of the lease.

All equitable pleas in this State must present purely defensive matter. Capital City Bank v. Hilson, 64 Fla. 206, 60 So. 189, Ann. Cas. 1914-B. 1211; Osceola Fertilizer Co. vs. Beville, 86 Fla. 479, 98 So. 354; Pensacola Lumber Co. v. Sutherland-Innes Co., 50 Fla. 244, 39 So. 789; Norman vs. Beekman, 58 Fla. 325, 50 So. 876; Crandall's Florida Common Law Practice, 89.

A plea of set-off is not a purely defensive plea but is in the nature of a cross-action. 25 Am. & Eng. Enc. (2nd Ed.) 492; Mitchell v. McLean, 7 Fla. 329.

Any equitable matter to be pleaded in an action at law

must not be matter of set-off. Martin v. Smith, 102 Me. 27, 65 Atl. 257.

The right to plead a set-off as against O. C. Bowman and W. E. Bowman, by way of equitable defense, not being permissible in the common law action, it follows that the order of the court below in sustaining the plea of O. C. Bowman to the bill of complaint herein be, and the same is hereby reversed, and this cause remanded for further proceedings not inconsistent herewith.

PER CURIAM.—The record in this cause having been considered by the court and the foregoing opinion prepared under Chapter 14553, Acts of 1929 (Extra Sess.) adopted by the court as its opinion, it is considered, ordered and decreed by the court that the order of the court below in sustaining the plea of O. C. Bowman to the bill of complaint herein be, and the same is hereby reversed, and this cause remanded for further proceedings not inconsistent herewith.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.