C. S. PROODIAN v. PLYMOUTH CITRUS GROWERS ASSOCIATION, a corporation.

6 So. (2nd) 531                                      En Banc
February 13, 1942          Rehearing Denied March 16, 1942

508

G. P. Garrett, for appellant.

Maguire, Voorhis & Wells, for appellee.

ADAMS, J.:

This appeal brings for review a final judgment for defendant on a plea of set-off.

The defendant is a non profit corporation, engaged as a cooperative marketing agency. Plaintiff, a former association member, sued to recover the value of two retain certificates. Defendant countered with a plea of set-off basing same on a charge that plaintiff while a member of the association sold his fruit in disregard of his contract to market same through the association and thereby incurred a liability of fifty cents per box on his fruit, as liquidated damages. Plaintiff then amended his declaration to show the

certificates were his wife's and he was suing for and on her behalf. After so amending, plaintiff dismissed the action and defendant's set-off was prosecuted to final judgment over plaintiff's protest.

The first question for us to consider is whether the dismissal of plaintiff's action carried with it a dismissal of the set-off.

The question arises, could the plea of set-off be maintained after the plaintiff had amended? In other words were the obligations between the parties, as amended, mutual?

Section 4326, C.G.L. 1927:

"Pleas of set-off. All debts or demands mutually existing between the parties at the commencement of the action, whether the same be liquidated or not, shall be proper subjects of set-off, and may be pleaded accordingly. . . ."

"A set-off must be pleaded and exist in favor of defendant in the same right in which he is sued." Lucas v. Wade, et al., 43 Fla. 419, 31 So. 231.

There must be a mutuality of parties before the plea will lie. It will only lie against the real party in interest. 24 R.C.L. set-off, Section 62 et seq. If the claims are not mutual Rule 53 of Arnow's Florida Practice rules will not apply.

While the authorities are not in accord, it is important to bear in mind that the remedy is of statutory origin. Birmingham T. & S. Co. v. Jackson Co. Mill Company, 41 Fla. 498, 27 So. 43. Our statute allows a personal judgment in excess of plaintiff's claim on proper showing. This distinction has been noted in some instances. See Worden v. Gillett, et al., 275 Fed. 654.

In the case at bar the plaintiff is suing in a representative capacity. See Florida Citrus Exchange v. Grisham, 65 Fla. 46, 61 So. 123.

It follows therefore that the set-off against him individually will not lie and the judgment is reversed.

Reversed.

WHITFIELD, TERRELL, CHAPMAN, and THOMAS, JJ., concur.

BUFORD, J., concurs specially.

BROWN, C. J., dissents.

BUFORD, J., concurring specially:

I concur in what is said in the opinion prepared by Mr. Justice Adams. My reason for doing so is this: Proodian sued in his personal right; defendant filed plea of set-off, to which replications were filed. Proodian then, with leave of court, amended his declaration so as to make the suit one to recover damages in behalf of the wife of Proodian, but the plea of set-off continued to stand as a claim against C. S. Proodian personally and not against him in a representative capacity as the agent and alta ego of his wife.

So the claim of set-off was not alleged to exist against the user-plaintiff but one alleged to exist against Proodian personally, and the judgment was so rendered.

Set-off may only be maintained where a separate action to enforce the claim could be maintained. See Worden v. Gillett, 275 Fed. 654; Gregory v. McNealy, 12 Fla. 578; Roth v. Bowman, 103 Fla. 923, 138 Sou. 774.

The defendant may have a cause of action against C. S. Proodian as alleged in the plea of set-off, but that claim may not be enforced in a suit prosecuted by

Proodian in his representative capacity as agent for his wife to enforce a claim in favor of his wife, because the involved claims are not mutual.