**C. S. PROODIAN v. PLYMOUTH CITRUS GROWERS ASSOCIATION, a corporation.**

13 So. (2nd) 15                                    January Term, 1943
March 30, 1943                                     Division A .
Rehearing Denied May 4, 1943

*G. P. Garrett,* for appellant.

*Maguire, Voorhis & Wells,* for appellee.

ADAMS, J.:

This is an appeal by appellant (plaintiff) from an adverse judgment wherein she sought to collect the proceeds of certain retain certificates from appellee. We had another phase of this case before us in Proodian v. Plymouth Citrus Growers Ass'n., 149 Fla. 507, 6 So. (2nd) 531.

The record reveals that appelle is a non-profit corporation and is a cooperative citrus marketing agency. Its members are elected upon application and when so elected are subject to the conditions in the association's by-laws. It was the practice of appellee to estimate the cost of handling its members' fruit and charge accordingly. At the end of the season if there was a profit, such profit would be issued in the form of retain certificates. As funds accumulated the oldest series of certificates would be paid.

C. S. Proodian became a member and acquired some of the retain certificates. He sued for and on behalf of his wife

to collect the certificates alleging that the fruit handled was the separate property of his wife and therefore the retain certificates belonged to her. The association successfully defeated the action·by a plea of set off, alleging, in substance, that while the certificates might belong to the wife, the husband contracted for and on her behalf and while the contract was in existence the husband breached the same by selling the citrus fruit to a stranger and thereby incurred a penalty in excess of the certificates sued upon. The husband was the lawful agent of the wife. Florida Citrus Exchange v. Grisham, 65 Fla. 46, 61 So. 123. It is elementary that one who deals through an agent will not be allowed to retain the favorable and reject the unfavorable part of the contract. See Love v. Brown Dev. Co., 100 Fla. 1373, 131 So. 144, and cases there cited.

This is a case of not unusual occurrence although it appears to be the first of its kind to appear before this Court.

By the cooperative method, under good management, usually much can be saved. The system, in general, tends to secure a uniform and fair price to the grower.

When events occur causing rapid increase in prices there is a great temptation to leave the cooperative and sell elsewhere. If this is practiced generally it will defeat the program of the cooperative. To prevent this, regulations, with penalties for the enforcement, must of necessity, be set up. It is not questioned here that the fifty cents per box penalty, as liquidated damages, was reasonable. The wife tenaciously seeks her claim, but disclaims the penalty saying the contract was that of her husband. We are unable to sustain her contention in logic or plain justice. Had it not been for the contract there would have been no business transaction to make possible the profits evidenced by the certificates in question.

Other questions argued have been duly considered and found without merit.

The judgment is affirmed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.