HENRY S. SYMONDS v. PAUL T. BROWNING

24 So. (2nd) 526                                        January Term, 1946
January 22, 1946                                              Division B

*G. P. Garrett,* for plaintiff.

*J. Thomas Gurney,* for defendant.

BARNS, Circuit Judge:

Plaintiff sued defendant for rent, using the common courts, and supported same by a bill of particulars relating to various credits and debits resulting from transactions between them.

Defendant filed pleas 4, 5, and 6 to the following general effect, to wit:

(4) That during the term of the lease plaintiff did "demand of and from the defendant the use of said packing house and said equipment, in violation of said agreement, and did deprive defendant of the use thereof";

(5) That "plaintiff did deprive the defendant of the use of said packing house, and said equipment" leased to him, and by reason thereof defendant had to lease other such facilities at a loss of $4,000 which the defendant seeks to set off against plaintiff's claim;

(6) That plaintiff deprived defendant of the use of said packing house equipment for half the season for which it was rented; that the value thereof was $1,250; that plaintiff also took a truck of the defendant of a value of $63.50, took wax of a value of $70.00; that defendant advanced $66.00 for repairs which was plaintiff's obligation; for which amounts defendants seeks set-off.

On the day the case came on for trial plaintiffs moved to strike these three pleas, and the judge thereupon certified to this court the question:

"Are the provisions of FS 52.11, sub-sections (1) and (2) broad enough to allow the defendant to set up as a counter-claim to plaintiff's action for unpaid rent, the matters arising out of tort pleaded in Pleas 5 and 6."

The applicable statute is:

"F.S.A., 52.11 *Counterclaims and cross-claims*

"(1) Compulsory counterclaim.—The defendant, at the time of the filing of his pleas, shall state as a counterclaim, any claim, whether the subject of a pending action or not, which he has against the plaintiff, arising out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

"(2) Permissive counterclaim.—The defendant, at the time of the filing of his pleas, may state as a counterclaim, any claim, within the jurisdiction of the court, against the plaintiff not arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim."

The word "counterclaim" is used in the statute in its generic and not in its technical or distinctive sense.

It is our holding that the subject matter of the pleas comes within the statute. The pleas are not pure torts. They arise out of the "transaction or occurrence that is the subject matter of the action."

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.