Action by J.L. Newton against Fondren Mitchell and others, to recover for the damage sustained by plaintiff's truck in a collision with defendants' truck. From a judgment of dismissal, plaintiff appeals.
Affirmed.
Two trucks, one owned by the appellant J.L. Newton and driven by his employee, the other owned by Fondren Mitchell, Guyton Mitchell, and Virginia S. Mitchell and driven by Charles P. Hardin, collided. The vehicles were demolished; Hardin was killed; and the other driver was injured.
Two actions resulted. The Mitchells, who had become assignees, under Section 440.39, Florida Statutes 1941, and F.S.A., of the claim arising out of the death of Hardin, sued Newton in behalf of Hardin's widow. Issue was joined by pleas of not guilty and contributory negligence, and the plaintiffs were awarded the verdict. Newton sued the Mitchells for damages to his truck alleged to have been caused by the negligent operation of the defendants' truck by their employee, Hardin.
So, to summarize, Newton's responsibility for Hardin's death had already been fixed in a suit by the Mitchells, as assignees, when there came before the court Newton's claim based on Hardin's negligence. In the latter case instituted in the same court as the former, the court entertained a motion for dismissal, under Caldwell v. Massachusetts Bonding Insurance Company, 158 Fla. 677, 29 So.2d 694, and decided that "the issues by and between J.L. Newton and the individuals comprising Mitchell Canneries," the trade name of the Mitchells, had been fully adjudicated in the former action, and he granted the motion.
Thus is brought to us the question whether Section 52.11, Florida Statutes 1941, and F.S.A., obtains so that Newton could not proceed with his suit against the Mitchells, having failed to present his claim in the initial suit, even though his adversaries were in the first instance suing as assignees and would have been, if the statute applied, sued as employers so far as the counterclaim was concerned.
Obviously the purpose of the statute is expedition and economy so that claims originating in a single happening may be tried and determined in one action. Certainly the two suits had a common denominator — the collision of the two automobiles. Had Hardin and Newton each owned the car he was driving and had both survived, it would have been quite simple to determine in one suit which participant was at fault and the amount he should be required to pay the one who was blameless. We do not think there was any real obstacle to following such procedure here, although the Mitchells would have sued as assignees of the Hardin claim and been sued as employers of Hardin. True, their capacities as plaintiffs on the one hand and defendants on the other would not have been the same, but from a practical standpoint we do not see where any insurmountable difficulty would have been met had Newton's claim been presented in a cross action. The counterclaim would have simply charged the persons then in court with the negligence of their employee, Hardin, and the eventual verdict and judgment would have been based on the pivotal fact — the negligence of Hardin or of Newton's driver — and would have provided for the payment of damages to the Mitchells for the negligence of Newton's employee or to Newton for the negligence of the Mitchells' employee. Had the Mitchells lost, they would have paid Newton; had they won, they would have reimbursed themselves, 440.39, supra, and paid the remainder of the recovery to the representative of the person entitled to the money.
Such a course would not seem to conflict with what the lawmakers had in mind when the statute was enacted. Chapter 20426, Laws of Florida, Acts of 1941, Section 52.11, supra. The first paragraph was given the title "compulsory Counterclaim," and provides that the defendant, upon filing his plea, "shall" present any claim against the plaintiff deriving from the same transaction or occurrence if it "does not require for its adjudication the presence of third parties of whom the courtcannot acquire jurisdiction." (Emphasis supplied.) The implication is that the only exception to presenting a counterclaim in the same suit is the need for third parties who cannot be reached by the court's process.
In paragraph (8) of the act it is specifically provided that "when the presence of parties other than those to the original *Page 55 
action is required" in order to grant complete relief in determining the counterclaim, the court "shall" order them brought in if jurisdiction of them can be secured.
Applying the statute to the present case, we find that so far as the claim of Newton is concerned the only new parties necessary were the Mitchells in their capacity as employers instead of their capacity as assignees. When Newton filed his pleas in the first case he should have filed with them, as the statute requires, his counterclaim against the plaintiffs as owners of the car Hardin was driving, and the question of jurisdiction would have given no concern whatever because they were then subject to the jurisdiction which they themselves had invoked.
It seems to us that it would have been entirely feasible for the court and jury to determine whether Hardin or Newton's driver was negligent and for a verdict to be found either against Newton in favor of Hardin's assignees or against the Mitchells as employers of Hardin. After all, the fundamental issue was the one of negligence, and there could be no complication, or confusion even, from the fact that certain persons on the one hand were suing instead of Hardin's widow and on the other hand were defending as Hardin's employers.
A study of the whole section, consisting of nine paragraphs, which taken together form a comprehensive enactment intended to cover the various phases and aspects of cross claims, leads us to the view that the claim of Newton could have and should have been introduced for adjudication in the first suit. In arriving at this conclusion we are not uninfluenced by the knowledge of the vast amount of litigation now appearing in the courts growing out of the collisions of motor vehicles and the great importance of determining such controversies as speedily, economically, and accurately as possible. The circuit judge's decision that Newton should not be allowed to present his claim independently harmonizes with our view that application of the statute in such fashion will ultimately benefit litigant and court.
In passing, we might observe that the opinion in Proodian v. Plymouth Citrus Growers Association, 149 Fla. 507, 6 So.2d 531, on which appellant leans so heavily, dealt with a transaction occurring before Chapter 20426, supra, governing the present case became effective.
Affirmed.
ADAMS, C.J., and TERRELL, CHAPMAN, SEBRING and HOBSON, JJ., concur.
BARNS, J., concurs specially.