The legal force and effect of the opinion as prepared by Mr. Justice THOMAS is to hold that if any defendant has any claim against any plaintiff "whether the subject of a pending action or not" that the defendant not only may counterclaim but must do so when the defendant's claim has arisen out of the "transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
Section 52.11, F.S. 1941, F.S.A., is patterned after the Federal Rule 13 for the District Courts of the United States, 28 U.S.C.A., but is somewhat broader in scope, and the word "counterclaim" in the statute is used in its generic and not in its technical or distinctive sense. Symonds v. Browning, 156 Fla. 808, 24 So.2d 526.
The application of Section 52.11, supra, was not argued but it seems to support the judgment of the trial court.
Summary judgments have not been in practice nor have they been authorized by statute or recognized by a rule of court in this State but so long as such practice does not offend a fair administration of justice there is no valid reason against it.
The necessity of mutuality as held essential in the case of Proodian v. Plymouth Citrus Growers Association, 149 Fla. 507, 6 So.2d 531, has been modified by Section 52.11, supra. *Page 80