GLICKSTEIN, Judge,
dissenting.
I would reverse the summary final judgment insofar as it enters judgment in favor of Holy Cross Hospital and against Elizabeth M. Dodson, in her individual capacity, for her late husband’s unpaid hospital bill, plus interest, attorney’s fees and costs.
In her capacity as personal representative for her late husband’s estate, Mrs. Dodson had sued certain physicians and the hospital for medical malpractice and wrongful death. While that suit was still pending, the hospital commenced a separate suit for Mr. Dodson’s unpaid hospital bill, naming Mrs. Dodson, both in her individual capacity and as her decedent’s personal representative, as defendant. Mrs. Dodson’s suit was settled with the physi- *57 dans, and dismissed as to the hospital by joint stipulation. The suit was still pending, however, when the hospital instituted its suit, and Mrs. Dodson stated as an affirmative defense that the hospital’s daim was properly a compulsory counterclaim in her suit against the hospital.
The trial court granted the personal representative summary judgment in the hospital’s suit because the suit was time-barred under section 733.709, Florida Statutes (1983). The court granted summary judgment to Mrs. Dodson in her personal capacity on the ground the hospital’s claim was a compulsory counterclaim in the former suit. Subsequently, on rehearing, the court reversed the latter part of the judgment by finding in favor of the hospital in its claim against the widow in her personal capacity.
A claim is a compulsory counterclaim if its subject matter arose from the same transaction or occurrence as the subject matter of a pending complaint against the claimant, provided facts material to both claims are the same. See Bratcher v. Wronkowski, 417 So.2d 1132, 1134 (Fla. 5th DCA 1982). The counterclaim is not rendered permissive merely because an indispensable party must be joined, so long as that party can be brought within the court’s jurisdiction. See Travelers Express, Inc. v. Acosta, 397 So.2d 733 (Fla. 3d DCA 1981). That Mrs. Dodson was present in the suit against the hospital only as the personal representative and not in her personal capacity does not alter the compulsory counterclaim status of the hospital’s claim.
The present situation is not unlike that in Newton v. Mitchell, 42 So.2d 53 (Fla.1949). There, the employers of a truck driver killed in a two-truck accident sued, as assignees of the widow, the owner of the other truck. After that suit had been concluded, the owner of the second truck filed a claim against the employers of the deceased driver for damage caused to their truck through the negligence of the deceased driver. The Florida Supreme Court held that the latter claim had been a compulsory counterclaim in the first suit. It was no impediment that the plaintiffs in the first suit acted in the capacity of assignees of the driver’s widow, but were sued in the second case in their capacity as the decedent’s employers. The Supreme Court cited a statutory provision then in effect, corresponding to today’s Florida Rule of Civil Procedure 1.170(h), permitting the joining of indispensable parties.
I discern a similarity between Mitchell and the present case in a respect not apparent on the surface. The capacities in which the original plaintiffs mounted their suits— the Mitchells as assignees of the decedent’s widow, and Mrs. Dodson as personal representative of her decedent’s estate — were occasioned by operation of statutory provisions: the workers’ compensation law, in the Mitchell case; and the wrongful death statute, in the present case.
In Stone v. Pembroke Lakes Trailer Park, Inc., 268 So.2d 400 (Fla. 4th DCA 1972), we said the words “transaction or occurrence that is the subject matter of the suit,” found in our compulsory counterclaim rule, should be interpreted broadly and realistically so as to avoid multiplicity of suits. We said further that unless excepted by the rule, one’s claim that is logically related to a claim one is being sued upon is a compulsory counterclaim. I think the trial court was correct when it held the hospital’s claim was a compulsory counterclaim in the wrongful death suit and therefore dismissed it. The court erred when it changed its mind.