778 So.2d 1089 (2001)
MARTHA A. GOTTFRIED, INC., Appellant,
v.
PAULETTE KOCH REAL ESTATE, INC., a Florida corporation, Paulette Koch, Paul J. Kozloff, Paul J. Kozloff, Trustee of the Banyan Road Revocable Trust, and John Doe and Jane Doe, Appellees.
No. 4D00-3354.
District Court of Appeal of Florida, Fourth District.
March 7, 2001.
Freeman W. Barner, Jr. of Watterson, Hyland & Klett, P.A., Palm Beach Gardens, for appellant.
Susan B. Yoffee of Fleming, Haile & Shaw, P.A., North Palm Beach, for Appellees-Paulette Koch Real Estate Inc. and Paulette Koch.
PER CURIAM.
Martha Gottfried, Inc. (Gottfried) appeals a non-final order compelling arbitration *1090 in its dispute with Paulette Koch Real Estate, Inc. over a real estate commission. We affirm.
Gottfried contends that it has not agreed to arbitrate this dispute and should not be bound by the agreement of its broker, Pamela Hoffpauer, to submit the claim to arbitration by virtue of her application for membership with the Palm Beach Board of Realtors.
Arbitration is a preferred method of dispute resolution; therefore, any doubt regarding the scope of an arbitration clause should be resolved in favor of arbitration. See Roe v. Amica Mutual Ins. Co., 533 So.2d 279 (Fla.1988); Nestler-Poletto Realty, Inc. v. Kassin, 730 So.2d 324, 326 (Fla. 4th DCA 1999); Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992).
Non-signatories may be bound by an arbitration agreement if dictated by ordinary principles of contract law and agency. See, e.g., Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776 (2d Cir.1995). Furthermore, a third party beneficiary to a contract can be compelled to arbitrate. See Terminix Int'l Co. LP v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997)(citing Raffa Assocs., Inc. v. Boca Raton Resort & Club, 616 So.2d 1096 (Fla. 4th DCA 1993)); Zac Smith & Co., Inc. v. Moonspinner Condo. Ass'n, 472 So.2d 1324 (Fla. 1st DCA 1985). Therefore, Gottfried, while not a signatory to Hoffpauer's application for membership with the Palm Beach Board of Realtors, is, nevertheless, bound by her agreement to arbitrate, as having accepted the economic and professional benefits of Hoffpauer's membership with the board. See, e.g., Proodian v. Plymouth Citrus Growers, Ass'n, 152 Fla. 684, 13 So.2d 15 (1943); C.Q. Farms, Inc. v. Cargill, Inc., 363 So.2d 379 (Fla. 1st DCA 1978).
Accordingly, we affirm as to this and as to all other issues raised in this appeal.
STONE, POLEN, and GROSS, JJ., concur.