616 So.2d 1096 (1993)
RAFFA ASSOCIATES, INC., Appellant,
v.
BOCA RATON RESORT & CLUB, a Florida Limited Partnership, Bobby Bryant and Janice Bryant, his wife, Braga, Burton, Braswell & Associates, a Florida Corporation, and Lee & Sakahara Associates AIA, Inc., a Florida Corporation, Appellees.
No. 92-3212.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellant.
*1097 Winslow D. Hawkes, III, West Palm Beach, for appellee-Lee & Sakahara Associates AIA, Inc.
HERSEY, Judge.
This appeal arises from denial of a motion to stay litigation and to compel arbitration. We affirm.
Bobby Bryant suffered personal injuries while engaged in demolition work on a construction project. He was employed by appellant, Raffa Associates, Inc., the general contractor. Boca Raton Resort & Club was the owner of the premises and Lee & Sakahara Associates AIA, Inc., were the architects for the project.
In an attempt to recover damages for his personal injuries Bryant sued the owner and the architect on theories of negligence. Each of them filed third-party complaints bringing in Bryant's employer, Raffa.
During the early stages of the litigation Raffa moved, under the provisions of the construction contract, for arbitration of these third-party claims. The trial court sent the owner's claim against Raffa to arbitration, but denied the similar motion pertaining to the architect's claim.
For purposes of argument, we accept appellant Raffa's proffered legal position as to the status of the architect appellee and the facial consequences of that status; that is, the architect was a third-party beneficiary of the construction contract. Having accepted that status, we note that ordinarily a third-party beneficiary of a contract is bound by an arbitration clause in that contract. See Zac Smith & Co. v. Moonspinner Condominium Ass'n, 472 So.2d 1324, 1325 (Fla. 1st DCA 1985) (citing 2 Williston on Contracts, § 364A (3d ed. 1959)). The Zac Smith court also explained that section 682.03, Florida Statutes (1983), which authorizes the filing of a motion to compel arbitration, extends to third-party beneficiaries to a contract containing an arbitration clause.
Raffa's third-party complaint seeks both contract indemnity and common law indemnity from the architect. For present purposes we assume but do not decide that both are within the contemplation of the arbitration clause in the construction contract.
However, another provision in the contract, section 4.5.5, entitled Limitation of Consolidation or Joinder, reads in pertinent part:
No arbitration arising out of or relating to the Contract Documents shall include, by consolidation or joinder or in any other manner, the Architect, the Architect's employees or consultants, except by written consent containing specific reference to the Agreement and signed by the Architect, Owner, Contractor and any other person or entity sought to be joined.
No such signed written consent exists. Thus, the arbitration sought to be compelled by Raffa of the architect's third-party indemnity claim is unauthorized in the contract.
We take this lack of written consent as sufficiently forceful evidence of a purpose to exclude a claim from arbitration that otherwise would be encompassed by the broad sweep of the arbitration clause. See Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359, 362 (Fla. 1st DCA 1989). We consider the impact of section 4.5.5 of the contract here, although it was not specifically relied on below, on the authority of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
Accordingly, we affirm.
AFFIRMED.
STONE and FARMER, JJ., concur.