846 So.2d 1276 (2003)
INTERNATIONAL BULLION AND METAL BROKERS, INC., a New York corporation, Appellant,
v.
WEST POINTE LAND, LLC, a Delaware a limited liability company, Appellee.
No. 4D02-4504.
District Court of Appeal of Florida, Fourth District.
June 11, 2003.
John B. Agnetti of Hoffman, Larin, Agnetti & Karas, P.A., Miami, for Appellant.
John H. Pelzer and Jacqueline F. Howe of Ruden, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, for Appellee.
OWEN, WILLIAM C., JR., Senior Judge.
Appellee, West Pointe Land, L.L.C. ("West Pointe"), the vendor under a written agreement for the purchase and sale of a parcel of unimproved real property, sued the vendee, International Bullion And Metal Brokers, Inc. ("International"), for contractual liquidated damages after the latter defaulted. International moved to compel arbitration. The trial court's denial of that motion is the subject of this non-final appeal. We affirm.
Although the land purchase agreement out of which this suit arises does not contain any provision for arbitration, it is International's position here, as it was below, that West Pointe is obligated to submit its claim to arbitration because it is a third party beneficiary of a separate but intertwined written agreement which does provide for arbitration.
On January 11, 2001, International contemporaneously entered into two separate, albeit related, written contracts: one was the land purchase agreement with appellee upon which this suit is based; the other was with a developer ("Higgins"), pursuant to which the latter was to construct an *1277 office and warehouse facility on the real property. The land sale agreement not only provided that the two contracts would be executed contemporaneously, but also required that Higgins join in executing the land sale agreement in order for Higgins to assist West Pointe in performing its obligation to secure certain permits. Furthermore, both the agreements were cross-defaulted, such that a default under either would, ipso facto, constitute a default under the other. Although the land sale agreement contained no arbitration clause, the construction contract did contain an arbitration clause. Finally, though Higgins joined in the execution of the land purchase agreement between appellee and International, it is significant to our decision to note that appellee did not execute or join in the construction contract between appellant and Higgins.
In May 2002, both West Pointe and Higgins were advised by appellant of its intention not to proceed with either of the agreements. Shortly thereafter, West Pointe filed the instant suit against appellant in Broward County circuit court, seeking the contractually specified liquidated damages under the land sale agreement. Higgins, however, pursuant to the arbitration provision of the construction contract, made a demand for arbitration against appellant, seeking damages for appellant's alleged default. Appellant filed in this case its motion to compel appellee to submit its claim to arbitration, contending (as it does here as well) that the arbitration provision of the construction contract, although not executed by appellee, was binding upon it as a third party beneficiary.
It is well established that arbitration provisions of a contract are binding on the parties to the contract, as well as on intended third party beneficiaries of the contract. See Martha A. Gottfried, Inc. v. Paulette Koch Real Estate, Inc., 778 So.2d 1089 (Fla. 4th DCA 2001); Raffa Assocs. v. Boca Raton Resort & Club, 616 So.2d 1096 (Fla. 4th DCA 1993). While it appears that appellee was little more than an incidental beneficiary of the construction contract rather than a third party beneficiary, see, Tartell v. Chera, 668 So.2d 1105 (Fla. 4th DCA 1996), we need not decide that issue. Assuming, for our decision, that appellee qualified as a third party beneficiary of the construction contract, and that the land purchase contract and the construction contract were so closely related as to be construed as a single document, see Quix Snaxx, Inc. v. Sorensen, 710 So.2d 152 (Fla. 3d DCA 1998), appellee was nonetheless precluded from the arbitration provision of the construction contract by its express language. In relevant part, section 17(c) of the construction contract provides that "[n]o arbitration arising out of or relating to this Contract shall include, by consolidation, joinder or in any other manner, an additional person or entity not a party to this Contract except by written consent containing a specific reference to this Contract signed by the Purchaser, Architect, and any other person or entity sought to be joined." Appellee was not a party and did not sign any written consent to be joined in the arbitration process. Thus, the express preclusive language of the arbitration clause clearly evidences the intent that appellee's claim be excluded from arbitration. See Raffa Assocs.
AFFIRMED.
GROSS and STEVENSON, JJ., concur.